Peter RAMIREZ, Jr., Plaintiff–Appellant, Cross–Appellee,

v.

INTER–CONTINENTAL HOTELS, d/b/a St. Anthony Hotel, and the Travelers Insurance Company, Defendants–Appellees, Cross–Appellants.

No. 89–5509.

United States Court of Appeals, Fifth Circuit.

Dec. 18, 1989.

Jack B. Hebdon, Groce, Locke & Hebdon, Thomas J. Smith, Smith, Barshop, Stoffer & Millsap, San Antonio, Tex., and Douglas E. Hamel, Vinson & Elkins, Houston, Tex., for defendants-appellees, cross-appellants.

Before GEE, JONES and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Plaintiff Peter Ramirez, Jr., filed suit in Texas state court, asserting various contract, tort, and statutory causes of action against his former employer, Inter–Continental Hotels ("Inter–Continental"), and its insurance carrier, The Travelers Insurance Company ("Travelers"). Defendants removed the case to federal district court, basing jurisdiction upon the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461, and, in the alternative, upon diversity of citizenship. Following removal, the district court concluded that Ramirez's state law causes of action were preempted by ERISA and dismissed the case, *sua sponte*, for failure to state a claim upon which relief could be granted. We affirm in part, vacate in part, and remand.

### I. *Background and Procedural History.*

Ramirez worked for several years as a restaurant manager for Inter–Continental and received, as part of his compensation, insurance coverage under an employee group medical plan issued by Travelers.[1] According to Ramirez, a prolonged illness which began in the spring of 1986 required him to incur various medical and hospitalization expenses. Unable to persuade Inter–Continental and Travelers to reimburse

Samuel H. Bayless, Jack Paul Leon and Jon Christian Amberson, San Antonio, Tex., for plaintiff-appellant, cross-appellee.

1. Neither party disputes that the group medical plan was an employee benefit plan within the meaning of ERISA. ERISA § 3(1), 29 U.S.C. § 1002(1), comprehensively defines an "employee welfare benefit plan" as "any plan, fund, or program which was … established or maintained by an employer or by an employee organization, or by both, maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, … medical, surgical, or hospital care or benefits in the event of sickness, accident, disability, death or unemployment…."

him, Ramirez filed suit in state court, seeking to recover the benefits he believed were due to him under the employee group medical plan. His complaint sought both compensatory and punitive damages and alleged breach of contract, breach of fiduciary duty, negligence, and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act.

Following removal, Ramirez sought a remand, arguing that the well-pleaded complaint rule precluded removal based solely upon ERISA preemption, which was merely a federal defense to his state law causes of action, and that defendants' allegations of diversity were defective.[2] Concluding that ERISA creates federal question jurisdiction over suits to recover benefits from an ERISA plan, the district court denied the motion to remand. The district court also found the diversity issue to be "effectively mooted" and denied defendants' motion to amend the technical defects in their diversity pleading.

Inter–Continental and Travelers then moved for summary judgment on the ground that Ramirez's state law claims were preempted by ERISA. Agreeing with defendants' view of preemption, the district court denied the summary judgment motion and instead dismissed Ramirez's complaint for failure to state a claim upon which relief could be granted. At Ramirez's request, the district court later modified its order to provide that the dismissal was without prejudice.

## II. *Jurisdiction.*

■ On appeal, Ramirez renews his challenge to federal jurisdiction. He points out that his complaint raised only state law claims and argues that the well-pleaded complaint rule of *Louisville & Nashville Ry. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908), precluded removal on the basis of ERISA preemption, which is merely a federal defense. We find this argument to be without merit in light of *Metro-*

*politan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

As Ramirez concedes, this lawsuit is essentially one to recover benefits from an ERISA plan. As such, it comes within the scope of ERISA's civil enforcement provision, § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), which allows

a civil action ... [to] be brought

(1) by a participant or beneficiary—

(B) to recover benefits due to him under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

In *Metropolitan Life*, the Supreme Court held that any suit within the scope of § 502(a)(1)(B), even

... though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore, "arise[s] under the laws ... of the United States," 28 U.S.C. § 1331, and is removable to federal court by the defendants, 28 U.S.C. § 1441(b).

*Id.* at 67, 107 S.Ct. at 1548. That is to say, ERISA's "civil enforcement provisions operate to 'recharacterize' ... [state law claims for ERISA benefits] into actions arising under federal law." *Degan v. Ford Motor Co.*, 869 F.2d 889, 893 (5th Cir.1989). Hence, we conclude that removal was properly granted under 28 U.S.C. § 1441(b), and, like the district court, we find it unnecessary to determine whether diversity of citizenship provides an alternate basis of subject matter jurisdiction.

## III. *ERISA Preemption.*

■ There can be no dispute that Ramirez's efforts to collect his medical benefits "relate to an employee benefit plan" and thus come within the scope of ERISA's express preemption provision § 514(a), 29 U.S.C. § 1144(a), which declares that ERISA "supersede[s] any and all state laws insofar as they may now or hereafter

---

**2.** Specifically, Ramirez argued that the diversity pleading was insufficient in that (1) it alleged only that Ramirez was a resident, rather than a citizen, of Texas; (2) it failed to allege that diversity existed both at the time of the com-

mencement of the action and at the time the petition for removal was filed; and (3) it failed to allege the citizenship or place of incorporation of Travelers.

relate to any employee benefit plan...." As the Supreme Court explained in two recent decisions, "[t]he phrase 'relate to' ... [must be] given its broad common-sense meaning, such that a state law 'relates to' a benefit plan, 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983)).

█ Ramirez contends, however, that the dismissal of his suit was improper because Tex.Ins.Code Ann. art. 21.21 § 16 (Vernon 1981) ("section 16"), upon which he bases his right to recovery,[3] is rescued from preemption as a statute that "regulate[s] insurance" within the meaning of the ERISA savings clause, § 514(b)(2)(A), 29 U.S.C. § 1144(b)(2)(A). Finding this question to be squarely controlled by *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), we disagree.

In *Pilot Life*, the Supreme Court considered at length and rejected the plaintiff's argument that the Mississippi common law of bad faith, which had enabled many an aggrieved policyholder to recover exemplary damages for improper insurance claims handling, regulated insurance within the meaning of the ERISA savings clause. Relying upon case law interpreting the phrase "business of insurance" in the McCarran–Ferguson Act, 15 U.S.C. § 1012(a), the Court explained that a law regulates insurance when (1) it is specifically directed at the insurance industry; (2) it transfers or spreads policyholder risk; and (3) it affects an integral part of the policy relationship between insurer and insured. *Id.* at 48–49, 107 S.Ct. at 1553–54 (citing *Union Labor Life Ins. Co. v. Pireno*, 458 U.S. 119, 129, 102 S.Ct. 3002, 3008, 73 L.Ed.2d 647 (1982)). Ramirez contends that section 16 meets all three criteria and

is thus distinguishable from the Mississippi law held preempted in *Pilot Life*.

Section 16 furnishes a private right of action and allows treble damages and attorneys' fees to persons injured by certain enumerated "unfair methods of competition and unfair and deceptive acts or practices in the business of insurance...." Although the statute is contained within the Texas Insurance Code and therefore by its terms is directed specifically at the insurance industry, it also incorporates wholesale the Texas Deceptive Trade Practices Act, Tex.Bus. & Com.Code Ann. § 17.46 (Vernon 1987), a law of general application, and provides a remedy for violations of that law by an insurance company.

Whether section 16 satisfies the first prong of the test enunciated in *Pilot Life* is thus a close question, but the statute plainly fails to satisfy the second and third prongs. Section 16 does not transfer or spread policyholder risk,[4] and, like the Mississippi law of bad faith, it "does not define the terms of the relationship between the insurer and the insured; it declares only that, whatever terms have been agreed upon in the insurance contract, a breach of that contract" may in some cases entitle the policyholder to exemplary damages. *Pilot Life*, 481 U.S. at 51, 107 S.Ct. at 1555. At most, therefore, section 16 satisfies one of the three criteria used to interpret the phrase "regulates insurance" in the ERISA savings clause.

Even if section 16, by virtue of its location within the Texas Insurance Code, bears a closer relationship to the regulation of insurance than does the Mississippi law of bad faith, this lawsuit is in one vital respect indistinguishable from *Pilot Life*. Ramirez, like the plaintiff in *Pilot Life*, seeks to recover, under a state law cause of action, remedies unavailable to him under ERISA. To interpret the savings clause as authorizing such inconsistent state remedies would be to defeat Congres-

---

**3.** Ramirez does not contest the district court's conclusion that his other state law causes of action are preempted by ERISA.

**4.** *Cf. Metropolitan Life Ins. Co. v. Massachusetts* (Massachusetts law mandating inclusion of mental health coverage in certain insurance policies spreads policyholder risk and is not preempted by ERISA).

sional intent by destroying the exclusivity of ERISA's civil enforcement provisions. As the Court explained in *Pilot Life*,

> [T]he detailed provisions of 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.

*Id.* at 54, 107 S.Ct. at 1556.

In sum, *Pilot Life* requires us to conclude that ERISA preempts section 16–based claims to recover benefits from an ERISA plan. We thus join three of our sister circuits and numerous district courts in holding that ERISA preempts state statutes that provide a private right of action for the improper handling of insurance claims.[5]

### IV. *Conclusion.*

Because Ramirez's state law causes of action are preempted by ERISA, we conclude that the district court properly dismissed his complaint for failure to state a claim upon which relief could be granted. However, we agree with the defendants that the dismissal order should be reformed in order to clarify that it operates as a decision on the merits of Ramirez's state law claims. We therefore vacate that part of the order making the dismissal without prejudice and remand with instructions to enter the order with prejudice and to grant

Ramirez leave to amend his complaint to state a cause of action under ERISA.

AFFIRMED IN PART, VACATED IN PART, and REMANDED with instructions.

---

**5.** *See Kanne v. Connecticut Gen. Life Ins. Co.,* 867 F.2d 489 (9th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 3216, 106 L.Ed.2d 566 (1989) (California statute prohibiting unfair insurance claims processing held preempted by ERISA); *In re Life Ins. Co. of N. Am.,* 857 F.2d 1190 (8th Cir.1988) (Missouri statute prohibiting vexatious refusal to pay insurance claims held preempted by ERISA); *Anschultz v. Connecticut Gen. Life Ins. Co.,* 850 F.2d 1467 (11th Cir.1988) (Florida statute providing private right of action to per-

sons injured by violations of state's insurance code held preempted by ERISA); *Juckett v. Beecham Home Improvement Products,* 684 F.Supp. 448 (N.D.Tex.1988) (Texas statute penalizing delay in payment of insurance benefits held preempted by ERISA); *Rasmussen v. Metropolitan Life Ins. Co.,* 675 F.Supp. 1497 (W.D. La.1987) (Louisiana statute prohibiting improper insurance claims processing held preempted by ERISA).