**MEMORIAL HOSPITAL SYSTEM, Plaintiff,**

v.

**JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Defendant.**

**Civil Action No. H–95–5083.**

United States District Court, S.D. Texas, Houston Division.

July 30, 1996.

Marguerite B. Griffith, Sullins Johnston Rohrbach & Magers, Houston, TX, for plaintiff Memorial Hospital Systems.

Richard A. Illmer, Brown McCarroll and Oaks, Hartline, L.L.P., Dallas, TX, Eliott R. Good, Chorpenning Good & Mancuso, Columbus, OH, for defendant John Hancock Mutual Life Insurance Company.

### MEMORANDUM AND ORDER

ATLAS, District Judge.

Pending before the Court is Plaintiff's Motion for Remand [Doc. # 3] and Defendant's Motion to Dismiss [Doc. # 10–1]. For the reasons discussed below, Defendant's Motion is GRANTED IN PART and DENIED IN PART, and Plaintiff's Motion is GRANTED.

This is one of those rare cases in which the complete preemption doctrine arising from the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA") does not apply. Thus, except for the breach of contract claim alleged by Plaintiff—which is preempted by ERISA and is dismissed—this Court lacks jurisdiction over the parties' dispute, despite the involvement of an ERISA plan.

## I. FACTUAL BACKGROUND

This case arises out of Defendant John Hancock Mutual Life Insurance Company's ("Hancock" or "Defendant") allegedly confirming insurance coverage and benefits for Ronnie Lee Moore ("Moore"), a patient at Memorial Hospital, on Monday, May 16, 1994. Two days earlier, on Saturday, May 14, 1994, Moore presented himself at Memorial Hospital's emergency room complaining of severe chest pains. Upon admission to the hospital, Moore allegedly told hospital staff that he was insured under a health insurance plan. Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss or alternatively, Motion for Summary Judgment ("Defendant's Reply"), at 1, 5–7. Because Moore was admitted to Memorial Hospital on a weekend, when Defendant's offices were closed, Plaintiff could not verify insurance coverage until the following Monday, at which time, according to Plaintiff,

> [Defendant] Hancock represented Moore was insured under the policy with an effective date of November 1, 1992, there was no deductible, and benefits were payable at 90% of room, board and miscellaneous expenses, up to $30,000.00, and then payable at 100% up to 1 million—the life time maximum.

Plaintiff's Response to Defendant's Motion to Dismiss ("Plaintiff's Response"), at 2. Defendant disputes this allegation, contending that Plaintiff was told when it contacted Hancock to verify Moore's insurance coverage that Moore was no longer a covered insured under the Associated Builders and Contractors, Inc. ("ABC") Plan. Defendant's Supplemental Reply to Plaintiff's Response to Defendant's Motion to Dismiss or Alternatively Motion for Summary Judgment, at 9 n. 4.

Moore was released from Memorial Hospital on Tuesday, May 17, 1994. Plaintiff subsequently submitted bills to Defendant, but payment was denied on the basis that no coverage was in effect at the time of Moore's hospitalization.

Plaintiff argues that it obtained timely "precertification and confirmation of the insurance" and, but for this confirmation, would have made alternative arrangements for payment of Moore's hospital fees prior to or during his stay at Memorial. Defendant argues that Moore misrepresented the existence of coverage, which had terminated in February 1994, and that Memorial's dispute is really with Moore, who lied about his coverage. Defendant further argues that Plaintiff did not rely to its detriment on any statements made by Defendant, since Moore was admitted to the hospital on a Saturday and coverage was not verified through calls to Hancock until Monday.

Plaintiff initially filed suit in state district court, alleging state law causes of action for deceptive and unfair trade practices under article 21.21 of the Texas Insurance Code, negligence and negligent misrepresentation, and breach of contract. Defendant removed the action to this Court on the grounds that Plaintiff's state law claims are preempted by ERISA.

## II. DISCUSSION

Plaintiff moves for remand on the grounds that Defendant has failed to establish that the ABC Plan is an ERISA plan, and that even if the plan is governed by ERISA, Plaintiff's state law claims are not preempted. Defendant argues that the Plan is clearly an ERISA plan, as demonstrated by a copy of the Summary Plan Description ("Plan Summary") and the Plan itself. *See* Supplemental Affidavit of Nancy Ellen Terp–Elderd ("Terp–Elderd") [Doc. # 26], Exh. 1, 2. Defendant further argues that Plaintiff's state-law claims are preempted by ERISA. Defendant bears the burden of showing the existence of federal question jurisdiction, and that removal of Plaintiff's action was proper. *See, e.g., Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995).

The parties have referred to matters outside the record, including a worksheet created by Plaintiff in the course of allegedly checking for coverage, and affidavits with attachments concerning the Plan. Therefore, the Court deems it necessary to treat this motion as it would a motion for summary judgment. *See F.D.I.C. v. Dawson,* 4 F.3d 1303, 1306 (5th Cir.1993), *cert. denied,* 512 U.S. 1205, 114 S.Ct. 2673, 129 L.Ed.2d 809

(1994); *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 283 (5th Cir.1993).

## A. *Procedural Matters*

■ Defendant argues that Plaintiff has consented to the jurisdiction of this Court by responding to Defendant's procedural motion to dismiss as a substantive motion for summary judgment. The Court rejects Defendant's contention that Plaintiff has waived its objections to jurisdiction. Defendant's arguments are hyper-technical and unpersuasive. Plaintiff had little choice but to respond to Defendant's allegations and proof submitted outside the pleadings. Defendant fails to cite the Court to any authority establishing that Plaintiff has consented to jurisdiction by responding to Defendant's Motion and arguments.

■ Both parties contest the admissibility of their opponent's affidavits. The Court finds that, in certain respects, some of these affidavits are inadmissible. To the extent that the affidavit of John Sheeks, submitted in support of Plaintiff's Response, seeks to establish that an employee of Memorial made contact with Defendant to verify benefits, or purports to describe general customs and practices in the health care industry with respect to patient admissions and health insurance verifications (Sheeks Aff., at 3), this affidavit is inadmissible. Sheeks has not been established to have qualifications, personal knowledge of, or expertise in regard to these matters.

Because they are not based on personal knowledge, the following statements in Terp–Elderd's affidavit are inadmissible: the second sentence in paragraph six; the second sentence in paragraph nine; and the first sentence in paragraph twelve. Moreover, Exhibit C to Terp–Elderd's affidavit (a telephone log allegedly compiled by Plaintiff on May 16, 1994) is inadmissible hearsay.[1]

## B. *Legal Analysis*

Plaintiff, in arguing for remand, contends that this Court lacks federal question jurisdiction because: (i) Defendant has not met its burden of establishing that the Plan at issue is an ERISA plan, and (ii) Plaintiff's state law claims are not preempted by ERISA. Defendant argues the Plan is governed by ERISA and that all Plaintiff's claims are derivative of Moore's claims and thus are preempted by ERISA. The Court will address these arguments in turn.

***Existence of an ERISA Plan.***—ERISA applies to any employee benefit plan if it is established or maintained by an employer or an employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003(a). ERISA regulates two distinct types of benefit programs that may be offered to employees, pension plans and welfare plans. *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.,* 904 F.2d 236, 240 (5th Cir.1990). The Plan at issue in this case is a welfare plan, dealing primarily with life and health insurance. Under ERISA, an "employee welfare benefit plan" is defined as

> any plan, fund, or program . . . established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits . . . .

29 U.S.C. § 1002(1).

■ The Fifth Circuit has adopted a test originally devised by the Eleventh Circuit for determining whether an employer has established an ERISA plan. The relevant inquiry is whether or not " 'from the surrounding

---

1. Plaintiff argues that the Plan Summary and the ABC Plan submitted in connection with Terp–Elderd's affidavit are not sworn or certified as required by Fed.R.Civ.P. 56(e). This defect has been cured by an affidavit submitted in response to the Court's Order, dated July 16, 1996 [Doc. # 25]. In an affidavit dated July 19, 1996, Terp–Elderd stated that both the Plan Summary and the Plan are true and certified copies and were in effect when Plaintiff's cause of action accrued. Affidavit of Nancy Ellen Terp–Elderd [Doc. # 26], ¶¶ 3, 4. Plaintiff's objection therefore is now moot.

circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits.'" *Memorial Hospital,* 904 F.2d at 240 (quoting *Donovan v. Dillingham,* 688 F.2d 1367, 1373 (11th Cir.1982) (en banc)).

■ The Court finds that the ABC Plan satisfies the *Donovan* standard for the existence of an ERISA plan. The Plan identifies the eligible class of insureds, *see* Supplemental Terp–Elderd Affidavit, Exh. 2., at 1–SCH., and provides a master schedule of benefits, *id.* at 11–HPB–16–HPB. The Plan Summary sets forth the procedure for receiving benefits, Supplemental Terp–Elderd Affidavit, Exh. 1, at 3–ERI, and indicates that the cost of the Plan is paid either in full or in part by the Employer, *id.* at 1–ERI. Plaintiff's argument that the bare purchase of an insurance policy by an employer does not, by itself, establish the existence of an ERISA plan, *see* Plaintiff's Motion to Remand, at 5 (citing *Taggart Corp. v. Life and Health Benefits Admin.,* 617 F.2d 1208, 1211 (5th Cir.1980), *cert. denied,* 450 U.S. 1030, 101 S.Ct. 1739, 68 L.Ed.2d 225 (1981)), is unavailing. ABC not only established the Plan by purchasing a group insurance policy from Defendant but, as Plan Administrator, also maintains the Plan, controlling and managing its operation and administration. Plan Summary, at 2–ERI. Therefore, the primary element of an ERISA employee welfare benefit plan has been established, *i.e.,* establishment or maintenance by an employer intending to benefit employees. *See Meredith v. Time Ins. Co.,* 980 F.2d 352, 355 (5th Cir. 1993).

Moreover, the language of the Plan Summary clearly indicates that the ABC Plan is an ERISA plan. The opening statement of the Plan Summary explains that "[t]he following information is provided ... in compliance with the Employee Retirement Income Security Act of 1974 (ERISA)." Supplemental Terp–Elderd Affidavit, Exh. 1, at 1–ERI. The Plan Summary also contains a section entitled "Your Rights under ERISA." *Id.* at 3–ERI. This section explains that ERISA

imposes duties on fiduciaries of the Plan, *id.* at 4–ERI, that an employee may not be fired or otherwise discriminated against for exercising his or her rights under ERISA, *id.* at 4–ERI, and that an employee can take steps to enforce these rights, *e.g.,* filing a lawsuit in federal court. *Id.* The Plan Summary also indicates that, if employees have questions about it or their rights under ERISA, they should contact the nearest area office of the U.S. Labor–Management Services Administration, Department of Labor. *Id.* at 5–ERI.

Given the features of the Plan and the numerous published references to ERISA, the Court has no doubt that the ABC Plan is an ERISA plan governed by federal law.

***Preemption of State Law Claims.***—Plaintiff argues that, even if the Plan is governed by ERISA, Plaintiff's state law claims are not preempted because they are independent causes of action asserted directly against Defendant by a third party health care provider.[2] In support of this argument, Plaintiff relies upon *Memorial Hospital System v. Northbrook Life Ins. Co.,* in which the Fifth Circuit held that, in certain circumstances, third party health care providers may recover damages caused by misrepresentations of coverage by insurance companies without having to litigate under ERISA. *Memorial Hosp.,* 904 F.2d at 243–50. The relationship between health care providers and insurance carriers is distinct from the relationships among the "traditional ERISA entities" and, thus, is not governed by ERISA. *Id.* at 248–50.

Defendant argues in response that the facts in *Memorial Hospital* are distinguishable from those in the case at bar:

> While defendant does not dispute [Plaintiff's] statement of the holding in *Memorial,* it does dispute that this case involves a misrepresentation of benefits by defendant. Rather, the case involves a misrepresentation of insurance coverage by the *patient,* Mr. Moore, which would result in an oral modification of the Plan if defendant is required to pay benefits for medical services rendered to Mr. Moore at a time

**2.** Pursuant to ERISA's preemption provision, ERISA preempts "any and all State laws insofar as they now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).

when he was not a covered insured under the Plan. Plaintiff's claims for benefits based upon its attempted oral modification of the Plan are preempted by ERISA under both *Memorial* and *Hermann Hospital. See also, Ramirez v. Inter–Continental Hotels,* 890 F.2d 760, 762 (5th Cir.1989), and *Lee v. E.I. DuPont de Nemours & Co.,* 894 F.2d 755, 758 (5th Cir.1990). Defendant's Reply, at 5.

The Court rejects Defendant's argument; this case fits squarely within the holding of *Memorial Hospital.* Defendant's argument that Moore's representations of coverage distinguish this case is unpersuasive. The relationship between health care providers and insurance companies is a direct one; health care providers have direct dealings and sometimes act in reliance on representations of coverage made by *carriers. Memorial Hospital,* 904 F.2d at 246 (quoting *Hermann Hosp. v. National Standard Ins. Co.,* 776 S.W.2d 249, 252 (Tex.App.—Houston [1st Dist.] 1989, writ denied)) (emphasis added). This Court need not reach the merits of Plaintiff's claim against Defendant, except to note that Moore's alleged misrepresentations do not void or eliminate the existence of Plaintiff's potential claim against Defendant for its own alleged misrepresentations during the verification process. Plaintiff alleges that, based on this verification, it undertook the financial risk of providing medical care to Moore and that, absent this verification, Plaintiff could have sought alternative means to ensure that it received payment for services rendered or even transferred Moore to a public health facility.

In sum, before this Court is Plaintiff's claim against Defendant; Plaintiff's potential claim directly against Moore is not presented here. *See Memorial Hospital,* 904 F.2d at 247. Therefore, this case is governed by the Fifth Circuit's ruling in *Memorial Hospital,* regardless of what jurisdictional result would attend the different claim—not asserted here—of Plaintiff.

Defendant argues that all Plaintiff's claims are derivative of Moore's claims for coverage under the ABC Plan and, thus, are preempted by ERISA. The Court disagrees as to the tort and Texas Insurance Code claims asserted by Plaintiff, but concurs with Defendant on Plaintiff's breach of contract theory.

In *Memorial Hospital,* the Fifth Circuit focused on the "commercial interactions" between traditional ERISA entities and outside parties, and held that a hospital's misrepresentation claims brought in its independent status as a third party health care provider are not preempted by ERISA.[3] Plaintiff brings its tort and Insurance Code claims as a party independent of the traditional ERISA entities, namely, the employer, the plan and its fiduciaries, and the participants and beneficiaries. *See Memorial Hospital,* 904 F.2d at 245 (citations omitted). Therefore, the Court finds that Plaintiff's causes of action for negligence, negligent misrepresentation, and Texas Insurance Code violations are not preempted by ERISA.

Defendant also argues that Plaintiff is seeking "benefits" under an ERISA plan. The Court is again unpersuaded. In asserting its tort and Insurance Code claims, Plaintiff does not seek benefits under the ABC Plan as Moore's assignee. Rather, Plaintiff seeks damages in its independent status as a health care provider for alleged misrepresentations upon which it relied in rendering services to Moore. *See Hermann Hosp. v. Aetna Life Ins. Co.,* 803 S.W.2d 351, 354 (Tex.App.—Houston [14th Dist.] 1990, writ denied) (applying *Memorial Hospital* to negligent misrepresentation and insurance code claims and finding that these claims are not preempted by ERISA). Even if Plaintiff's damages may be measured in part by the amount of benefits it would have received absent the misrepresentation, this would not require a finding of preemption. *Memorial Hospital,* 904 F.2d at 247. In any event, it is

---

3. In scrutinizing the plaintiff's unfair trade practices claim under the Texas Insurance Code—the same cause of action alleged in the case at bar—the *Memorial Hospital* court noted that the "gravamen of this cause of action appears to be negligent misrepresentation." *Memorial Hospi-*

*tal,* 904 F.2d at 244. The Court found that such claims were not preempted because preemption would not further ERISA's goal of protecting the interests of employees and their beneficiaries in employee benefit plans. *Id.* at 247.

far from clear that reference to the amount of benefits available under the Plan would necessarily be required in this case. Out-of-pocket and other costs borne by Plaintiff are likely to be the focus of Plaintiff's claim of damage, not necessarily the covered or reimbursable amounts of the medical bills incurred by Moore under the Plan.

 While the Court finds that Plaintiff's tort and Insurance Code claims are not preempted by ERISA, it reaches a different conclusion as to Plaintiff's claim for breach of contract. Plaintiff acknowledges that its contract claim is brought in its derivative capacity as an assignee of plan benefits, rather than in its independent capacity as a third party health care provider.[4] "Such derivative claims invoke the relationship among the standard ERISA entities and clearly relate to a plan for preemption purposes." *Memorial Hospital,* 904 F.2d at 249; 29 U.S.C. § 1144(a). Therefore, Plaintiff's breach of contract claim is preempted by ERISA, and the Court has jurisdiction over that claim.

 However, because ERISA imposes no fiduciary responsibilities in favor of third-party health care providers, *Memorial Hospital,* 904 F.2d at 247, Plaintiff's breach of contract claim thus fails to constitute a claim upon which relief can be granted under federal law. Therefore, Plaintiff's breach of contract claim is dismissed. *See Ramirez v. Inter-Continental Hotels,* 890 F.2d 760 (5th Cir.1989) (affirming dismissal of breach of contract claim on basis of ERISA preemption).[5]

### III. *CONCLUSION*

For the reasons discussed above, Defendant's Motion to Dismiss is GRANTED as to Plaintiff's breach of contract claim and DENIED as to all other claims. In addition, Plaintiff's Motion for Remand is GRANTED,

since there is no claim now pending over which the Court has jurisdiction. Plaintiff's claims for negligence, negligent misrepresentation, and for violations of the Texas Insurance Code are REMANDED to the 215th State District Court.

---

4. Plaintiff concedes that, if the ABC Plan is an ERISA plan, its breach of contract claim is preempted under *Memorial Hospital.* Plaintiff's Response, at 7.

5. In *Ramirez,* the Fifth Circuit remanded with instructions to grant the plaintiff leave to amend his complaint to state a cause of action under ERISA. *Ramirez,* 890 F.2d at 764. Such an amendment would be futile in this case, because,

unlike the plaintiff in *Ramirez*—a beneficiary under an ERISA plan and thus a "traditional" ERISA entity—hospitals do not have standing to seek redress under ERISA.

This result, *i.e.,* dismissal of the state law causes of action, is also warranted by 28 U.S.C. § 1367, which grants the Court discretion to dismiss state law claims after disposition of the federal claims over which the Court had jurisdiction.