IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-50728
Summary Calendar
_____

BARBARA A. PETERS,

Plaintiff-Appellant,

versus

METROPOLITAN LIFE INSURANCE CO.,

Defendant-Appellee.

Appeal from the United States District Court for
the Western District of Texas
(USDC No. A-01-CV-585-JN)
_____
January 2, 2003

Before REAVLEY, BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM:*

　　Plaintiff-Appellant Barbara A. Peters appeals the district court's dismissal of

her suit against Metropolitan Life Insurance Co. under Articles 21.21 and 21.55 of

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

the Texas Insurance Code. We affirm the judgment of the lower court for the following reasons:

1. The Employee Retirement Income Security Act, 29 U.S.C. § 1101 et seq. ("ERISA") preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Articles 21.21 and 21.55 of the Texas Insurance Code relate to an employee benefit plan because the statutes "ha[ve] a connection with or reference to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983); see also Ramirez v. Inter-Continental Hotels, 890 F.2d 760, 762-63 (5th Cir. 1989).

2. The recent Supreme Court decisions UNUM Life Ins. Co. of Am. v. Ward, 526 U.S. 358 (1999), and Rush Prudential HMO, Inc. v. Moran, 122 S. Ct. 2151 (2002), did not alter the analytical framework applied to determine whether a statute is saved from ERISA preemption. We apply the same test after Ward and Moran as we did in Ramirez.

3. Peters's action is not saved by 29 U.S.C. § 1144(b)(2)(A) ("the savings clause"). First, the statutes do not deal with transferring or spreading policyholders' risks. Second, the statutes do not define the terms of the relationship between the insurer and the insured; they simply provide that, in some cases, breach of an insurance contract may entitle a policyholder to

2

exemplary damages.  <u>Ramirez</u>, 890 F.2d at 763.  The statutes at best satisfy one of the three McCarran Ferguson Act factors (because they are limited to entities within the insurance industry).  <u>See</u> <u>Pilot Life Ins. Co. v. Dedeaux</u>, 481 U.S. 41, 51 (1987).  Thus, the provisions do not merit the protection of the savings clause.

4.    Peters seeks to recover, under a state law cause of action, remedies unavailable to her under ERISA—namely, the recovery of insurance benefits plus an interest penalty (Article 21.55) and recovery for unfair or deceptive insurance practices (Article 21.21).  Any provision for ultimate relief in a judicial forum that adds to the judicial remedies provided by ERISA "patently violates ERISA's policy of inducing employers to offer benefits by assuring a predictable set of liabilities, under uniform standards of primary conduct and a uniform regime of ultimate remedial orders and awards when a violation has occurred."  <u>Moran</u>, 122 S. Ct. at 2166 (citing <u>Pilot Life Ins. Co. v. Dedeaux</u>, 481 U.S. 41, 56 (1987)).

For the foregoing reasons, we affirm the judgment of the district court dismissing Peters's state law claims.

AFFIRMED.