Maria Fe BURGOS, Plaintiff,

v.

GROUP & PENSION ADMINISTRA-
TORS, INC., Tex–Trude, L.P., and
Tex–Trude, Inc. Employee Benefit
Plan, Defendants.

No. CIV.A.H–03–0989.

United States District Court,
S.D. Texas,
Houston Division.

Aug. 13, 2003.

Ivar Nelson Heggen, Attorney at Law, Steven A. Wisch, Attorney at Law, Houston, TX, for Maria Fe Burgos, plaintiff.

Dean J. Schaner, Haynes & Boone, Houston, TX, for Group & Pension Administrators Inc, Tex–Trude LP, Tex–Trude Inc Employee Benefit Plan, defendants.

## MEMORANDUM AND OPINION

ROSENTHAL, District Judge.

Maria Burgos alleges that after she had surgery, Group & Pension Administrators, Inc., ("GPA"), Tex–Trude, L.P., and Tex–Trude, Inc. Employee Benefit Plan (collectively "Tex–Trude") wrongfully denied her benefits under a medical care plan. Burgos asserts state law statutory causes of action under the Texas Insurance Code,

art. 21.21 §§ 4–16 and 21.21–2; the Texas Deceptive Trade Practices Act, ("DTPA"), TEX. BUS. & COMM. CODE §§ 17.46, 17.50; and common law causes of action including negligence, negligence *per se*, intentional infliction of emotional distress, breach of the duty of good faith and fair dealing, and breach of contract. (Docket Entry No. 20, ¶¶ 27–31). Burgos seeks actual and punitive damages and statutory penalties. Burgos alternatively alleges a right to recover benefits under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* (2001). (*Id.* at ¶¶ 32–45).[1] Defendants have moved under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the state common law and statutory claims, asserting ERISA preemption. (Docket Entry No. 24).

This court has carefully considered the pleadings; the motions and briefs; the parties' submissions; the record; and the applicable law. Based on that review, for the reasons set out below, this court GRANTS the motion to dismiss the state law claims.

## I. Background

Burgos's former employer, Tex–Trude, L.P., provided health insurance through the Tex–Trude, Inc. Employee Benefit Plan (the "Plan"). Burgos, a native of Mexico, speaks little English and cannot read or write English. She asserts that Tex–Trude employed a high percentage of other workers illiterate in English but fluent in Spanish. In this suit, Burgos alleges that Tex–Trude and the Plan did not adequately inform her or other Spanish-speaking employees of rights and obligations under ERISA; did not provide a summary plan description, ("SPD"), in

1. Burgos incorrectly numbered the paragraphs in her second amended complaint beginning with paragraph "# 32" on page 10, which should be # 44. The referenced "paragraph 45" above is numbered "33" on page 11. (*Id.* at. 10–11).

Spanish; and did not provide a Spanish-speaking employee or representative to explain the rights and obligations under the Plan. (Docket Entry No. 20, ¶¶ 13, 16).

In 2001, Burgos's doctors advised her to have a bladder suspension procedure, which required an extended leave of absence from work. On December 12, 2001, Burgos notified Tex–Trude that she needed the procedure and asked for the time off. As of December 12, 2001, the last day Burgos worked before the procedure, Burgos had paid her insurance premiums in full. Tex–Trude allowed Burgos to take the leave of absence. Burgos alleges that although her family members asked Tex–Trude for help in understanding the rights, duties, and obligations under her insurance plan in Spanish, Tex–Trude refused such requests.

Burgos alleges that Tex–Trude and GPA notified her health care providers on April 22, 2002 that the Plan did not cover the bladder suspension procedure she had undergone in December 2001 or any related medical care, and that her insurance had been cancelled retroactively to December 1, 2001. When she returned to work in March 2002, her insurance was reinstated, but the bladder suspension treatments and other previously covered medical conditions were excluded as preexisting conditions. Burgos sued GPA and Tex–Trude, L.P. in Texas State Court, 234th Judicial District, Harris County, on February 13, 2003. Defendants timely removed.

Burgos alleges that she is entitled to recover benefits in the amount of $20,000.00. She alleges that her health insurance was wrongfully terminated and that she was fired in whole or in part in retaliation for filing suit. As an alternative to the state law statutory and common law claims,[2] she alleges the following specific claims under ERISA: violation of DOL Reg. § 2520.102–2(c), which requires disclosure of ERISA rights in a language other than English if a certain percentage of the plan participants are literate only in the same non-English language; a claim for benefits under section 502(a)(1)(13); and claims for ERISA discrimination and retaliation under section 510.

Defendants moved to dismiss on the grounds that Burgos did not plead any federal claims and that ERISA preempted the state claims asserted. (Docket Entry No. 6). Burgos submitted an amended complaint on May 9, 2003, adding the ERISA claims to her state law causes of action. Defendants then moved to dismiss the state law claims, again citing ERISA preemption. Burgos filed a second amended complaint on July 7, 2003, adding Tex–Trude, Inc. Employee Benefit Plan as a defendant. Defendants moved again to dismiss the state law claims under Rule 12(b)(6) on July 18, 2003.

## II. The Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), this court must liberally construe a complaint in favor of the plaintiff. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). A court may not dismiss under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts,

---

**2.** Burgos claimed common law breach of express and implied warranties and fraud and misrepresentation in her state court complaint. Docket Entry No. 1, Ex. 3, pp. 4–5, but dropped the claims in her amended complaints. She also claimed common law conversion in her first amended complaint, Docket Entry No. 14, ¶ 27, but did not allege conversion in her second amended complaint.

not mere conclusory allegations. We will thus not accept as true conclusory allegations or unwarranted deductions of fact." *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir.1994) (internal citations, quotation marks and ellipses omitted). In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including certain attachments. FED. R. CIV. P. 12(b)(6). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir.1993); *see also Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496 (5th Cir.2000); *Branch v. Tunnell,* 14 F.3d 449, 453–54 (9th Cir.1994); *Field v. Trump,* 850 F.2d 938, 949 (2d Cir.1988). The SPD attached to defendants' motion to dismiss is appropriately considered in this court's Rule 12(b)(6) analysis.

### III. Analysis

#### A. Tex–Trude Provided an ERISA Plan

 ERISA applies to "any employee benefit plan if it is established or maintained by" either an employer or an employee organization. 29 U.S.C. § 1003(a); *Meredith v. Time Ins. Co.,* 980 F.2d 352, 354 (5th Cir.1993). An "employee welfare benefit plan" under ERISA is defined as:

any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer[3] or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants[4] or their beneficiaries[5], through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, death or unemployment ...

29 U.S.C. § 1002(1). "Whether a particular set of insurance arrangements constitute an 'employee welfare benefit plan' is a question of fact." *Hansen v. Continental Ins. Co.,* 940 F.2d 971, 976 (5th Cir.1991) (citing *Gahn v. Allstate Life Ins. Co.,* 926 F.2d 1449, 1451 (5th Cir.1991)). In determining whether a particular plan qualifies as an "employee welfare benefit plan," the court must decide (1) whether a plan exists, (2) whether the plan falls within the safe-harbor provision established by the Department of Labor, and (3) whether the plan satisfies the primary elements of an ERISA plan. *See Meredith,* 980 F.2d at 355; *Salameh v. Provident Life & Accident Ins. Co.,* 23 F.Supp.2d 704, 710 (S.D.Tex.1998). Both requirements are met in this case. Because the SPD states that Tex–Trude, L.P. contributes to the plan, the safe-harbor requirements are not met and the plan does not fall within the provision. (Docket Entry No. 1, Ex. 1, p. 4); *see Hansen,* 940 F.2d at 977 (holding that informational pamphlet containing employer's name distributed to employees

---

**3.** ERISA defines "employer" as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association acting for an employer in such capacity." 29 U.S.C. § 1002(5). An "employee" is "any individual employed by an employer." 29 U.S.C. § 1002(6).

**4.** ERISA defines "participant" as "any employee or former employee of an employer ... who may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7).

**5.** A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to benefit thereunder." 29 U.S C. § 1002(8).

indicated employer endorsement of the plan).

The primary elements of an ERISA plan are present when an employer establishes or maintains a plan with the intent to benefit employees. *See Meredith,* 980 F.2d at 355–56; *Cristantielli v. Kaiser Found. Health Plan of Texas,* 113 F.Supp.2d 1055, 1059 (N.D.Tex.2000). Tex–Trude, L.P., the employer, is the plan fiduciary and Tex–Trude makes contributions on behalf of its employees. (Docket Entry No. 1, Ex. 1, p. 4); *see Hansen,* 940 F.2d at 978 (holding that requisite intent indicated by plan pamphlet bearing corporate name and logo).

The record establishes that, as a matter of law, Tex–Trude's Plan is a self-funded employee welfare benefit plan subject to ERISA. (Docket Entry No. 1, Ex. 1., pp. 3, 6).

## B. ERISA Preemption

ERISA preempts state laws in two ways. "Complete preemption" occurs where a state claim seeks the type of relief provided through section 502(a), ERISA's exclusive civil enforcement provision. *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 62–66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Section 502(a)(1)(B) provides that a participant in or beneficiary of an employee benefit plan subject to ERISA may bring a civil action to recover benefits due under the plan, to enforce rights under the plan, or to clarify rights to future benefits under the plan. 29 U.S.C. § 1132(a)(1)(B).

By providing a civil enforcement cause of action, ERISA completely preempts any state law claim seeking similar relief to that provided by section 502(a)(1)(B). *Arana v. Ochsner Health Plan,* 338 F.3d 433, 435–36 (5th Cir.2003) (citing *Metro. Life,* 481 U.S. at 66, 107 S.Ct. 1542).

Section 514(a) states that ERISA "supersede[s] any and all State laws insofar as they may ... relate to any employee benefit plan." 29 U.S.C. § 1144(a). "Conflict preemption, also known as ordinary preemption, arises when a federal law conflicts with state law, thus providing a federal defense to a state law claim, but does not completely transform a state law claim into a federal claim." *Arana,* 338 F.3d 433, 437–38. The Fifth Circuit has held that section 514(a) "preempts a state law claim if that claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan, and if that claim directly affects the relationship between traditional ERISA entities." *McNeil v. Time Ins. Co.,* 205 F.3d 179, 191 (5th Cir.2000) (citing *Dial v. NFL Player Supplemental Disability Plan,* 174 F.3d 606, 611 (5th Cir. 1999)). A "law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).[6] As the Fifth Circuit stated:

> The Supreme Court has given the phrase "relate to" a "broad common-

---

**6.** The Supreme Court has "found only one other state law to 'conflict' with [§ 502(a)] in providing a prohibited alternative remedy" since *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). *Rush Prudential HMO, Inc. v. Moran,* 536 U.S. 355, 379, 122 S.Ct. 2151, 153 L.Ed.2d 375 (2002). The Court found in *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), that "Texas's tort of wrongful discharge, turning on an employer's motivation to avoid paying pension benefits, conflicted with ERISA enforcement." *Rush Prudential,* 536 U.S. at 379, 122 S.Ct. 2151. The *Rush Prudential* Court explained this prior holding: "[The] state law duplicated the elements of a claim available under ERISA, it converted the remedy from an equitable one under § 1132(a)(3) (available exclusively in federal district courts) into a legal one for money damages (available in a state tribunal)." *Id.* at 380, 122 S.Ct. 2151.

sense meaning." A state law relates to an ERISA plan "in the normal sense of the phrase if it has a connection with or reference to such a plan." A state law can relate to an ERISA plan even if that law was not specifically designed to affect such plans, and even if its effect is only indirect.

*Rokohl v. Texaco, Inc.*, 77 F.3d 126, 129 (5th Cir.1996) (citing *Pilot Life*, 481 U.S. 41, 47, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Shaw*, 463 U.S. at 96–97, 103 S.Ct. 2890; *Rozzell v. Sec. Servs., Inc.*, 38 F.3d 819, 821 (5th Cir.1994)).

### 1. ERISA Preempts Burgos's Texas Common Law Claims

[5] ERISA section 502(a)(1)(B) completely preempts Burgos's state common law contractual and extracontractual claims against the defendants because Burgos seeks to recover benefits allegedly due under the Plan. 29 U.S.C. § 1132(a)(1)(B); *see Metro. Life*, 481 U.S. at 62–63, 107 S.Ct. 1542 (asserting that section 502(a)(1)(B) completely preempts state law contract and tort claims brought "by a beneficiary to recover benefits from a covered plan"); *Roark v. Humana, Inc.*, 307 F.3d 298, 312 (dismissing breach of contract claim under section 502 preemption) (5th Cir.2002); *Jones v. Tex. Health Choice*, No. 4:02–CV–388, 2003 WL 302217, at *5–6 (E.D.Tex. Feb. 7, 2003) (holding that ERISA preempts state negligence claim because it "involves the handling of a benefit determination"). Several cases have held that state common law claims "relate to" ERISA plans and are preempted under section 514(a). *See Dorn v. Int'l Bhd. of Elec. Workers*, 211 F.3d 938, 948 (5th Cir.2000) (stating "[a] state law claim, such as ... conversion, addressing the right to receive benefits under the terms

of an ERISA plan necessarily 'relates to' an ERISA plan and is thus preempted" in holding state conversion claim preempted); *McNeil*, 205 F.3d at 191 (5th Cir.2000) (stating that ERISA preempts claims for breach of contract, breach of duty of good faith and fair dealing, and negligent misrepresentation); *Hogan v. Kraft Foods*, 969 F.2d 142, 144 (5th Cir.1992) (holding that ERISA section 514(a) preempts claims for breach of contract, breach of duty of good faith and fair dealing, negligence, and intentional infliction of emotional distress); *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1295 (5th Cir.1989); *Light v. Blue Cross & Blue Shield of Ala., Inc.*, 790 F.2d 1247, 1249 (5th Cir.1986) (finding claim of intentional infliction of emotional distress under state law preempted by section 514(a)); *Saldana v. Aetna U.S. Healthcare*, 233 F.Supp.2d 812, 816–17 (S.D.Miss.2002) (holding that common law negligence claims preempted under section 502(a)(1)(B) and section 514(a)). Because Burgos's state common law claims are preempted by ERISA sections 502(a)(1)(B) and 514(a), they must be dismissed.

### 2. ERISA Preempts Burgos's State Statutory Claims

The Fifth Circuit has consistently held that section 514(a) preempts claims under Article 21.21.[7] *See Hogan*, 969 F.2d at 144; *Hansen*, 940 F.2d at 979; *Ramirez v. Inter-Continental Hotels*, 890 F.2d 760, 763–64 (5th Cir.1989); *Salameh*, 23 F.Supp.2d at 718. The Fifth Circuit has similarly concluded that ERISA preempts claims brought under the Texas DTPA for failure to pay or misrepresenting benefits under an ERISA plan because such claims "relate to" the plan. *Hogan*, 969 F.2d at 144; *Boren v. N.L. Indus.*, 889 F.2d 1463,

---

**7.** Courts have also analyzed Article 21.21 under section 502(a)(1)(B) to find preemption. *See Salameh*, 23 F.Supp.2d at 718 (*"Because the essence of [the] suit seeks the recovery of* benefits or otherwise relates to an employee benefit plan, [the] state law claims brought under the Texas Insurance Code are preempted by ERISA."*) (emphasis added).

1466 (5th Cir.1989) (stating that ERISA preempts the Texas DTPA because plaintiff "reli[ed] on state law to advance his complaint that his benefits under the plan were terminated" and therefore state claims "related to" the plan); *Erwin v. Texas Health Choice, L.C.*, 187 F.Supp.2d 661, 665 (N.D.Tex.2002); *Cristantielli*, 113 F.Supp.2d at 1066.

■ Burgos argues that she may pursue her Texas statutory claims under ERISA's savings clause.[8] The savings clause provides in relevant part: "Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A). Under the "savings clause," a law that "regulates insurance" survives ERISA preemption. A state law "regulates insurance" and is "saved" from ERISA preemption if the court finds that the law satisfies two requirements of the test the Supreme Court recently clarified in *Kentucky Ass'n of Health Plans v. Miller*, 538 U.S. 329, 123 S.Ct. 1471, 1479, 155 L.Ed.2d 468 (2003). First, the state law must be "specifically directed toward entities engaged in insurance." *Id.* Second, the state law must substantially affect the risk pooling arrangement between the insurer and the insured. *See id.*

■ The bad faith claims under Texas Insurance Code and the Texas Deceptive Trade Practices Act do not allege violations of a state law regulating insurance for purposes of the savings clause. Article 21.21 prohibits certain insurance practices, including misrepresentations and false advertising. The Fifth Circuit has held that ERISA preempts claims under article 21.21 because it does not "regulate insurance," as defined in ERISA. *Ramirez*, 890 F.2d at 763. While article 21.21 is explicitly directed toward the insurance industry, it "incorporates wholesale the Texas Deceptive Trade Practices Act, a law of general application, and provides a remedy for violations of that law by an insurance company." *Id.* Article 21.21 merely delineates illegal insurance practices; it does not transfer or spread policyholder risk. *Id.* Article 21.21 does not fall within the ERISA savings clause and is preempted. *Id.* at 763–64; *see also Erwin*, 187 F.Supp.2d at 664–65.

The Ninth Circuit recently applied *Miller* to a suit alleging Montana's Unfair Trade Practices Act ("UTPA") in *Elliot v. Fortis Benefits Insr. Co.*, 337 F.3d 1138, 1144–45 (9th Cir.2003). The court analyzed the *Miller* test in light of the Supreme Court's decision in *UNUM Life Ins. Co. of Am. v. Ward*, 526 U.S. 358, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999), which "cast doubt" on *Pilot Life*'s broad reading of section 514. *Id.*, at 1144–46. The Ninth Circuit declined to rule definitively whether the UTPA "regulated insurance" or "substantially affected the risk pooling arrangement between the insurer and the insured." *Id.*, at 1473. Instead, the court held that *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 379, 122 S.Ct. 2151, 153 L.Ed.2d 375 (2002), affirmed *Pilot*

---

**8.** In her first and second amended complaints, Burgos cites *Kentucky Ass'n of Health Plans v. Miller*, 538 U.S. 329, 123 S.Ct. 1471, 1476 n. 1, 155 L.Ed.2d 468 (2003) as a "preface" to her state law claims. (Docket Entry Nos. 14, p. 5; 20, p. 5). This court presumes that she argues that the ERISA savings clause applies to the Texas Insurance Code and Texas DTPA as laws "regulating insurance." Burgos also contended in her first amended complaint that the alleged violations of Department of Labor Regulations entitles her to pursue state law claims (Docket Entry No. 14, p. 4) but dropped this argument in her second amended complaint. 29 U.S.C. § 1132(a)(1)(B) supplies the remedy for plan participants and beneficiaries claiming inadequate notice. *See Layaou v. Xerox Corp.*, 238 F.3d 205, 212 (2d Cir.2001).

*Life*'s reading of section 502(a), preempting the UTPA because the insured's claim "seeks non-ERISA damages for what are essentially claim processing causes of action." *Id.*, at 1473–74.

Burgos alleges violations of state law that can best be characterized as "laws of general application that have some bearing on insurers," failing to satisfy the first prong of the *Miller* test, and do not substantially affect risk pooling between insurer and insured, but merely provide extracontractual damages not permitted by ERISA, failing the second prong of the *Miller* test. *See Ercole v. Conectiv & Coventry Health Care of Delaware, Inc.*, No. Civ.A. 03–186 GMS, 2003 WL 21104926, at *2 (D.Del. May 15, 2003); *Rosenbaum v. Unum Life Ins. Co.*, No. CIV.A. 01–6758, 2002 WL 1769899, at *2 (E.D.Pa. July 29, 2002) (finding that Pennsylvania's bad faith in insurance claims statute did not spread a policyholder's risk). Alternatively, section 502(a) preempts Burgos's state claims under *Elliot* because she seeks remedies "above and beyond" what ERISA provides. Burgos's state law claims are not "saved" from ERISA preemption and must be dismissed with prejudice.

This court dismisses Burgos's state law claims under the Texas Insurance Code and the DTPA.

## IV. Conclusion

Defendants' motion to dismiss plaintiff's state common law and statutory law claims is GRANTED. Burgos's state common law and state statutory claims are DISMISSED with prejudice. Burgos may proceed on ERISA claims.