**Danny THOMAS, Plaintiff–Appellant,**

v.

**Raymond SMITH, Houston Independent School District, and Joan Raymond, Defendants–Appellees.**

No. 89–2517

(Summary Calendar).

United States Court of Appeals, Fifth Circuit.

Oct. 13, 1989.

Catherine Allen, Lewis, Allen & Lewis, Houston, Tex., for plaintiff-appellant.

Jeffrey J. Horner, Bracewell & Patterson, Houston, Tex., for defendants-appellees.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges:

PER CURIAM:

Reassigned after an investigation of charges of professional misconduct, Danny Thomas, a Houston, Texas school teacher filed a civil rights suit which the district court dismissed under Fed.R.Civ.P. 12(b)(6). Because the district court considered matters outside the pleadings we review Thomas' appeal in part as a 12(b)(6) dismissal and in part under standards applicable to a summary judgment dismissal under Fed.R. Civ.P. 56. *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381 (5th Cir.1985). Doing so, we affirm.

### Background

Thomas was employed by the Houston Independent School District (HISD) in August 1977 and received a continuing contract in 1980. He taught biology and coached basketball and volleyball at Kashmere High School until 1986 when several students charged that he committed irregu-

larities while administering a test. In July 1986 these charges were the focus of a conference between Thomas, his principal, and a school district official. Thomas denied the allegations. At a follow-up conference Thomas was given a memorandum summarizing the earlier conference and was advised by the principal of his intention to recommend that Thomas be terminated.

Thomas was not fired but after a brief stint of non-teaching duties was transferred to another school and assigned to teach biology, geometry, and physical science. He did not coach any athletic program. The following year he was reassigned to a third school where he taught math, a course he was not certified to teach. Thomas returned to school at his own expense to secure that certification. This assignment did not involve coaching duties and, as a consequence, Thomas did not receive the supplemental pay associated with those duties.

Thomas unsuccessfully sought an administrative hearing and then filed the instant suit, invoking 42 U.S.C. §§ 1983 and 1985 and asserting violations of the fourteenth amendment. The defendant school district and local school officials moved for a Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted. Thomas made no response. The district court granted a dismissal based on the file before it, including documents attached to defendants' motion to dismiss. Thomas timely appealed.

### Analysis

Thomas is entitled to the protections of the fourteenth amendment only if he can show deprivation of or intrusion upon a property or a liberty interest. *Wells v. HICO Independent School District*, 736 F.2d 243 (5th Cir.1984), *cert. dism'd*, 473 U.S. 901, 106 S.Ct. 11, 87 L.Ed.2d 672 (1985). He demonstrated neither.

As noted, because the defendants attached documents to their motion to dismiss which were pertinent to the property interest claim, we may not review that issue solely as an appeal of a 12(b)(6) dismissal, but, rather, we must review that claim under summary judgment standards. Summary judgment is proper only if, viewing the evidence most favorably to the non-moving party, there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *Bache v. American Telephone and Telegraph*, 840 F.2d 283 (5th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 219, 102 L.Ed.2d 210 (1988).

Assessing Thomas's property interest claim under that standard discloses that the property interest claim founders as a matter of law. A property interest "is an individual entitlement grounded in state law, which cannot be removed except 'for cause.'" *Wells v. HICO Independent School District*, 736 F.2d at 252, *quoting Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430, 102 S.Ct. 1148, 1155, 71 L.Ed.2d 265 (1982). It is undisputed that Thomas worked under the continuing contract and the HISD policy statement, copies of which were attached to defendants' motion to dismiss. Continuing contracts are authorized by Tex.Educ.Code Ann. § 13.101 (Vernon 1972) and are described in § 13.107:

> Each teacher with whom a continuing contract has been made as herein provided shall be entitled to continue in his position *or a position with the school district*, at a salary authorized by the board or trustees of said district complying with *the minimum salary provisions* of the foundation aid law.... (emphasis added).

Under the terms of the employment contract, teaching assignments are at the total discretion of the school district and under the HISD policy statement, coaching assignments are subject to cancellation at any time. Thomas enjoyed neither statutory, contractual, nor custom-based claim to his assignments at Kashmere High School, nor to the supplemental pay accompanying his coaching duties. *See Moore v. Otero*, 557 F.2d 435 (5th Cir.1977). Thomas's reassignment to different schools and

different duties accordingly did not infringe any secured property interest.

 As to the liberty interest, only the allegations of the complaint are pertinent. For that issue we apply the standard for review of 12(b)(6) dismissals, accepting as true all well-pled allegations of fact and dismissing only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mahone v. Addicks Utility District,* 836 F.2d 921, 926 (5th Cir.1988), *quoting Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In such a setting, although complaints are to be viewed broadly, suits should be dismissed "if the complaint itself shows a bar to relief." *Mahone,* 836 F.2d at 927. We find such a bar present.

To establish deprivation of a liberty interest Thomas must show, among other things, that he was stigmatized in connection with denial of a right or status recognized by state law. *Wells v. HICO Independent School District,* 736 F.2d at 256. Typically, reassignment alone is insufficient to trigger such a liberty interest.

> When an employee retains his position even after being defamed by a public official, the only claim of stigma he has derives from the injury to his reputation, an interest that *Paul [v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976),] reveals does not rise to the level of a liberty interest. The internal transfer of an employee, unless it constitutes such a change of status as to be regarded essentially as a loss of employment, does not provide the additional loss of a tangible interest necessary to give rise to a liberty interest meriting protection under the due process clause of the fourteenth amendment.

*Moore v. Otero,* 557 F.2d at 438.

The mere reassignment of Thomas to teaching duties at another HISD school does not constitute "such a change of status as to be regarded essentially as a loss of employment." *Cf. Jett v. Dallas Independent School District,* 798 F.2d 748 (5th Cir.1986), *aff'd in part and remanded in part,* —— U.S. ——, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989) (loss of coaching responsibilities not so intolerable that a reasonable person would feel compelled to resign).

Thomas has presented neither a viable property interest claim nor a liberty interest claim and the district court's judgment of dismissal is AFFIRMED.