**Veda NAYAK, Plaintiff–Appellant,**

v.

**MCA, INC., et al.,
Defendants–Appellees.**

**No. 90–2188
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 17, 1990.

Veda Nayak, Houston, Tex., pro se.

James T. McCartt, Susman & Godfrey, Houston, Tex., for defendants-appellees.

Before CLARK, Chief Judge, GEE and DUHÉ, Circuit Judges.

CLARK, Chief Judge:

I.

The district court dismissed the complaint of Veda Nayak under Federal Rule of Civil Procedure 12(b)(6) for failure to state a justiciable claim. Nayak's complaint against MCA, Inc., both the United States and Canadian branches of the Cineplex Odeon Corporation, and the manager of a Houston theater sought to enjoin the distribution and presentation of the movie "The Last Temptation of Christ." Nayak claimed that the film was a defamatory interpretation of the life of Jesus Christ which infringed on the plaintiff's and other believers' constitutional right to freedom of worship and religion. A timely appeal was taken.

---

## II.

In reviewing Rule 12(b)(6) dismissals, we accept all well-pled allegations of fact and dismiss only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Thomas v. Smith*, 897 F.2d 154, 156 (5th Cir.1989) (citations omitted).

Trial of the religious issues raised by the plaintiff would violate the First Amendment. The Supreme Court has stated:

> "The law knows no heresy, and is committed to the support of no dogma, the establishment of no sect." *Watson v. Jones*, 13 Wall. 679, 20 L.Ed. 666 ... Freedom of thought, which includes freedom of religious belief, is basic in a society of free men. It embraces the right to maintain theories of life and of death and of the hereafter which are rank heresy to followers of the orthodox faiths. Heresy trials are foreign to our Constitution.

*United States v. Ballard*, 322 U.S. 78, 86, 64 S.Ct. 882, 886, 88 L.Ed. 1148 (1944). The plaintiff asked the court to decide the "correct" interpretation of the life of Christ. This is not a justiciable question before a federal court. *See Joseph Burstyn, Inc. v. Wilson*, 343 U.S. 495, 505, 72 S.Ct. 777, 782, 96 L.Ed. 1098 (1952) ("It is not the business of government in our nation to suppress real or imagined attacks upon a particular religious doctrine, whether they appear in publications, speeches, or motion pictures.") Despite the sincerity of Nayak's beliefs, his legal argument based on those beliefs are nonjusticiable.

## III.

The judgment of the district court is

AFFIRMED.