Patricia CUNNINGHAM, Plaintiff,

v.

DUN & BRADSTREET PLAN SERVICES, INC.; Dun & Bradstreet Pension Services, Inc.; J.T. Comer & Associates, a division of Dun & Bradstreet Pension Services, Inc. and Dun & Bradstreet, Inc., Defendants.

Civ. A. No. 1:92CV139–D–D.

United States District Court,
N.D. Mississippi,
Eastern Division.

June 12, 1995.

Jeffry M. Cox, John Samuel Hill, Albert C. Delgadillo, Tupelo, MS, for plaintiff.

Robert K. Upchurch, Tupelo, MS, for defendants.

## MEMORANDUM OPINION

DAVIDSON, District Judge.

Presently before the court is the motion of the defendants to dismiss the plaintiff's claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Finding the motion well taken, the same shall be granted.

## FACTUAL SUMMARY[1]

At the times relevant to this action, the plaintiff was employed by Pest Management Specialists, Inc. ("PMSI"). Through her status as an employee of PMSI, the plaintiff was a participant and beneficiary of a defined benefit pension plan and a profit sharing plan ("Plans") sponsored by PMSI, which qualified as "employee pension benefit plans" under ERISA. 29 U.S.C. § 1003. The defendants assumed the administration of the plans effective January 1, 1987, from the prior administrator, Personal Money Management, Inc. ("PMMI").

In July of 1986, funds constituting the plaintiff's interests in the plans were transferred out of the plans under the direction of the plan administrator. The plaintiff avers that she was never made aware of this transfer, nor of the potential tax consequences of such a transfer. The plaintiff further alleges that she received correspondence in March of 1993 which implied that her interest in the plans was "still in place" and that this communication failed to inform her of the activities concerning her interests or the potential tax consequences. This failure to inform, the plaintiff charges, resulted in a substantial tax liability on her part.

The plaintiff then filed this action in June of 1992, seeking to recover damages under 29 U.S.C. § 1132(a)(3) of ERISA, as well as under the common law theory of breach of fiduciary duty. The defendants have now moved this court to dismiss the plaintiff's claims.

## DISCUSSION

### I. STANDARD FOR A MOTION TO DISMISS

A Rule 12(b)(6) motion is disfavored, and it is rarely granted. *Clark v. Amoco Production Company,* 794 F.2d 967, 970 (5th Cir.1986); *Sosa v. Coleman,* 646 F.2d 991, 993 (5th Cir.1981). Dismissal is never warranted because the court believes the plaintiff is unlikely to prevail on the merits. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Even if it appears an almost certainty that the facts alleged cannot be proved to support the claim, the complaint cannot be dismissed so long as the complaint states a claim. *Clark v. Amoco Production Company,* 794 F.2d 967, 970 (5th Cir.1986); *Boudeloche v. Grow Chemical Coatings Corp.,* 728 F.2d 759, 762 (5th Cir.1984). "To qualify for dismissal under Rule 12(b)(6), a complaint must on its face show a bar to relief." *Clark,* 794 F.2d at 970; *see also Mahone v. Addicks Utility District,* 836 F.2d 921, 926 (5th Cir.

---

1. In ruling on a motion for summary judgment, the court is not to make credibility determinations, weigh evidence, or draw from the facts legitimate inferences for the movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Rather, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513–14. The court's factual summary is so drafted.

1988); *United States v. Uvalde Consolidated Independent School District,* 625 F.2d 547, 549 (5th Cir.1980), *cert. denied,* 451 U.S. 1002, 101 S.Ct. 2341, 68 L.Ed.2d 858 (1981). Dismissal is appropriate only when the court accepts as true all well-pled allegations of fact and, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Thomas v. Smith,* 897 F.2d 154, 156 (5th Cir.1989) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 100–02, 2 L.Ed.2d 80 (1957)); *see Mahone v. Addicks Utility District,* 836 F.2d 921, 926 (5th Cir.1988); *McLean v. International Harvester,* 817 F.2d 1214, 1217 n. 3 (5th Cir.1987); *Jones v. United States,* 729 F.2d 326, 330 (5th Cir. 1984). While dismissal under Rule 12(b)(6) ordinarily is determined by whether the facts alleged, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings. *Clark v. Amoco Production Company,* 794 F.2d 967, 970 (5th Cir.1986); *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953.

## II. THE PLAINTIFF'S CLAIM ARISING UNDER ERISA

■ The defendants point out that the plaintiff brings this action for breach of fiduciary duty individually, and seeks recovery of money damages for her own behalf. An ERISA fiduciary is liable for a breach of duty, but any such breach normally only requires that the fiduciary "make good to such plan any losses to such plan resulting from such breach ..." 29 U.S.C. § 1109(a) (emphasis added). As a result, a beneficiary or participant may only bring an action under § 1109(a) for breach of fiduciary on behalf of the plan, and not individually. *Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) (emphasis added). Any action that the plaintiff brings under § 1109(a) must be dismissed, for she seeks recovery on her own behalf and not on behalf of the plan.

■ The plaintiff responds by pointing out that she does not seek recovery under § 1109(a). In fact, the plaintiff relies upon 29 U.S.C. § 1132(a)(3) as a basis for her ERISA claim, which provides that a plan participant or beneficiary may "obtain other appropriate equitable relief." 29 U.S.C. § 1132(a)(3). The plaintiff contends that the money damages she seeks constitute "equitable relief" under § 1132(a)(3) because the plaintiff "seeks to be made whole."

■ While not specifically addressing the issue before this court, the United States Supreme Court has already addressed the issue of what "equitable relief" under § 1132(a)(3) entails. *Mertens v. Hewitt Associates,* 508 U.S. ——, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993). Writing for the court in *Mertens,* Justice Scalia determined that "equitable relief" as contemplated under § 1132(a)(3) was limited to those remedies that were typically available in equity—e.g., injunction, mandamus and restitution, but not compensatory damages. *Mertens,* 508 U.S. at —— – ——, 113 S.Ct. at 2068–70, 124 L.Ed.2d at 170–172; *see also Suggs v. American Life Ins. Co.,* 847 F.Supp. 1324, 1340 (S.D.Miss.1994). This court agrees, and sees no reason to interpret the provision otherwise. This resolution, however, does not automatically end this court's analysis.

■ The question remains, does the relief that the plaintiff seeks in this case nonetheless constitute "equitable relief?" Traditional equitable relief can take the form of money damages, particularly in the guise of restitution. While the plaintiff has not requested that this court grant injunctive or similar relief, she states that she wishes "to be made whole" via money damages, implying that she seeks restitutionary relief. "Restitutionary relief" has been explained quite well by a sister circuit:

> "Restitution [is] defined as that body of law in which (1) substantive liability is based on unjust enrichment, (2) the measure of recovery is based on defendant's gain instead of plaintiff's loss, or (3) the court restores to the plaintiff, in kind, his lost property or its proceeds." Douglas Laycock, *The Scope and Significance of Restitution,* 67 Tex.L.Rev. 1277, 1293 (1989). An action in restitution can result

in the defendant's payment of money, either because that sum of money was itself the thing unjustly taken or because the thing taken has been converted and can no longer be specifically returned. [cites omitted] In such a case the payment of money from defendant to plaintiff represents a kind of specific relief rather than compensatory damages.

*Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 747 (D.C.Cir.1995). In the case at bar, the plaintiff has not alleged that the defendants profited from the tax burden placed upon her, nor has she presented any other evidence of unjust enrichment or conversion relating to the ERISA plan. However the plaintiff may seek to cast her claims, she is in fact pleading for compensatory damages. This court is of the opinion that the reasoning in *Mertens* is equally applicable in this case:

> Although they often dance around the word, what [plaintiff] in fact seek[s] is nothing more than compensatory damages—monetary relief for all losses ... sustained as a result of the alleged breach of fiduciary duties. Money damages are, of course, the classic form of legal relief. [cites omitted] And although we have never interpreted the precise phrase "other appropriate equitable relief," we have construed similar language of Title VII of the Civil Rights Act of 1964 (before its 1991 amendments)—"any other equitable relief as the court deems as appropriate," [cite omitted]—to preclude "awards for compensatory or punitive damages."

*Mertens*, 508 U.S. at ——–——, 113 S.Ct. at 2068, 124 L.Ed.2d at 169–70. The plaintiff appears to have no viable cause of action arising under this provision of ERISA. The defendants' motion shall be granted as to the plaintiff's action arising under 29 U.S.C. § 1132(a)(3), and that claim shall be dismissed. The plaintiff has asserted no other provision under ERISA which provides relief for her in this matter.

III.  PLAINTIFF'S STATE LAW CLAIMS

■  The plaintiff has also asserted that the actions of the defendants constitute a breach of fiduciary duties arising under Mississippi common law. The defendants seek to dismiss these claims as well by arguing that those claims are preempted by ERISA. ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). Preemption under ERISA is "deliberately expansive." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45–46, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987). "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to the plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983); *Hook v. Morrison Milling Co.*, 38 F.3d 776, 781 (5th Cir.1994). Nonetheless, ERISA preemption is not all-encompassing, and state actions which affect employee benefit plans in "too tenuous, remote, or peripheral a manner" will not justify a finding that the law "relates to" a plan. *Shaw*, 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21.

■  In determining whether an action "relates to" a benefit plan and is therefore preempted by ERISA, the court normally looks to whether 1) the claim addresses areas of exclusive federal concern and not of traditional state authority, such as the right to receive benefits under the terms of an ERISA plan, and 2) whether the claim directly affects the relationship among the traditional ERISA entities (i.e., plan administrators/fiduciaries and plan participants/beneficiaries). *Hook v. Morrison Milling Co.*, 38 F.3d 776, 781 (5th Cir.1994); *Memorial Hospital System v. Northbrook Life Ins. Co.*, 904 F.2d 236, 249 (5th Cir.1990).

In the case presently before this court, the state law in question is one of general application—fiduciary duties arising under the common law of Mississippi affect a broad range of situations entirely unrelated to ERISA plans. This court cannot say that the Mississippi common law of fiduciary duty necessarily addresses areas of exclusive federal concern. While this factor favors nonpreemption of the plaintiff's claim, the Fifth Circuit has downplayed the dispositive nature of this inquiry under similar circumstances:

We are not convinced that the first of these two considerations—the traditional or nontraditional nature of state law—properly bears upon the question whether a state law of general application affects a benefit plan in so tenuous, remote, or peripheral a way that it cannot be said to "relate to" the plan.

*Sommers Drug Stores Co. v. Corrigan Enterprises, Inc.,* 793 F.2d 1456, 1468 (5th Cir. 1986). The court has specifically noted that this factor is not the most important consideration:

> [T]he most important factor for a court to consider in deciding whether a state law affects an employee benefit plan "in too tenuous, remote, or peripheral a manner to be preempted" is whether the state law affects relations among ERISA's named entities. [Courts] are more likely to find that a state law relates to a benefit plan if it affects relations among the principal ERISA entities—the employer, the plan, the plan fiduciaries, and the beneficiaries—than if it affects relations between one of these entities and an outside party, or between two outside parties with only an incidental effect on the plan.

*Memorial Hospital,* 904 F.2d at 249. In the case at bar, the plaintiff alleges that she was a plan participant/beneficiary and that the defendants were plan fiduciaries—this is a case involving ERISA entities. Further, this action is based upon a relationship created by the existence of the ERISA plan. But for the plan's existence, the claimed common law fiduciary relationship between the parties would not have been created. *Cf. Sommers Drug Stores,* 793 F.2d at 1468 (holding state law claims not preempted because basis of action not ERISA fiduciary relationship but rather independent fiduciary relationship of corporate director and shareholder). Today, unlike in *Sommers Drug Stores,* there is no connection between the parties independent of ERISA which creates a fiduciary relationship. The ERISA relationship between the parties is not an "incidental and fortuitous [circumstance] entirely unrelated to the facts underlying the cause of action," but rather a condition precedent without which this action would not lie. *Harms v. Cavenham Forest Industries, Inc.,* 984 F.2d 686, 694 (5th Cir. 1993). As noted, this is the most important factor to be considered, and today weighs heavily in favor of the defendants. The plaintiff's state law claims for breach of fiduciary duty in this cause are preempted by ERISA.

### CONCLUSION

When considering that the plaintiff cannot maintain an individual action for damages under 29 U.S.C. § 1132(a)(3), and that any state law claims for damages are preempted, it does not appear that the plaintiff has any remedy for what may be a grievous wrong against her. This is the sad truth of the present state of ERISA law:

> ... ERISA's preemption provision bars state law causes of action even though such preemption *may leave a victim of fraud or misrepresentation without a remedy.*

*Suggs,* 847 F.Supp. at 1342 (quoting *Hansen v. Continental Ins. Co.,* 940 F.2d 971, 979 (5th Cir.1991)). Such may be the case here today, and this court carries many of the concerns so well discussed by Judge Pickering in the *Suggs* decision. *Suggs,* 847 F.Supp. at 1341–59 (discussing how ERISA caselaw deviates from congressional intent). The primary intention of Congress when passing ERISA is understood by this court to be the protection of employees and their beneficiaries. *See Shaw,* 463 U.S. at 90, 103 S.Ct. at 2896 (noting ERISA was "designed to promote the interests of employees and their beneficiaries in employee benefit plans"). In stark contrast, controlling ERISA-related caselaw forges the statute into a shield for use by defendants against claims by the very individuals ERISA was designed to protect. Nonetheless, like Judge Pickering, this court is bound by precedent from the Fifth Circuit and the United States Supreme Court. The plaintiff cannot bring an action for these types of money damages under 29 U.S.C. § 1132(a)(3), and her claim under that provision shall be dismissed. Further, the plaintiff's state law claims in this matter are preempted by ERISA, and shall likewise be dismissed.