# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 95-60416

PATRICIA CUNNINGHAM,

Plaintiff-Appellant,

versus

DUN & BRADSTREET PLAN SERVICES, INC.;
DUN & BRADSTREET PENSION SERVICES,
INC.; J.T. COMER & ASSOCIATES, a
division of Dun & Bradstreet Pension
Services, Inc.; DUN & BRADSTREET, INC.,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Mississippi
(1:92CV139-D-D)

December 19, 1996

Before POLITZ, Chief Judge, GOODWIN[*] and DUHÉ, Circuit Judges.

POLITZ, Chief Judge:[**]

Patricia Cunningham appeals the Rule 12(b)(6) dismissal of her action

---

[*]Circuit Judge of the Ninth Circuit, sitting by designation.

[**] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

seeking damages for an alleged breach of fiduciary duties by ERISA plan administrators. For the reasons assigned, we affirm.

Background

Cunningham, an employee of Pest Management Specialists, Inc., participated in pension and profit sharing plans sponsored by PMSI that qualified as "employee benefit plans" under the Employee Retirement Income Security Act.[1] In July of 1986 funds representing Cunningham's interests in the plans were transferred out of the plans under instructions from the then plan administrator.[2] Cunningham was not notified that her share of plan assets was being removed from the plans and was not informed of the tax consequences of these plan distributions.

Cunningham filed suit against the plan administrators, contending that they breached their fiduciary duties to her by negligently failing to notify her that the plans had been terminated, that a distribution was being made to her, and that the distribution entailed significant tax consequences. Cunningham alleged causes of

---

[1] 29 U.S.C. § 1003.

[2] Cunningham alleges that from inception to December 31, 1986, Personal Money Management, Inc. was the plan administrator. Effective January 1, 1987, J.T. Comer & Associates acquired the business of PMMI and assumed the administration of the plans. Comer was merged with Dun & Bradstreet Pension Services, Inc. in 1989. Cunningham named Comer, Dun & Bradstreet Pension Services, Inc., Dun & Bradstreet Plan Services, Inc., with whom Comer became affiliated in June of 1986, and Dun & Bradstreet, Inc., the parent company of the latter two entities, as defendants in this lawsuit.

action under ERISA and Mississippi common law and sought compensation for her tax liability, the fees and expenses concomitant thereto, the loss of any continued tax-deferred growth of the disbursed funds, and exemplary damages.

The plan administrators filed a motion to dismiss under Rule 12(b)(6) contending that Cunningham could not sue them under ERISA on her own behalf, but only on behalf of the plans, and that her state law claims were preempted by ERISA. The district court granted this motion and dismissed Cunningham's claims. Cunningham timely appeals.

<u>Analysis</u>

Our review of a dismissal under Rule 12(b)(6) is *de novo*, with all well-pleaded facts taken as true and considered in the light most favorable to the plaintiff.[3]

Cunningham first contends that her allegations state a cause of action under 29 U.S.C. § 1132(a)(2).[4] As the plan administrators correctly observe, however,

---

[3]**Capital Parks, Inc. v. Southeastern Advertising & Sales Sys., Inc.**, 30 F.3d 627 (5th Cir. 1994).

[4]Section 1132(a)(2) provides:

A civil action may be brought --

* * *

(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate

Cunningham seeks only personal recovery and does not suggest that the plan administrators' conduct detrimentally affected the plan as a whole. In **Massachusetts Mut. Life Ins. Co. v. Russell,**[5] the Supreme Court held that any recovery under section 1132(a)(2) inures solely to the benefit of the plan, not the individual beneficiary. Therefore, because Cunningham seeks only to recover for her personal losses, the holding of **Russell** precludes her from maintaining this action under section 1132(a)(2).[6]

Cunningham next advances the contention, first raised in her response to

relief under section 409 [29 USC § 1109]. . . .

29 U.S.C. § 1109 provides, in pertinent part:

(a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

[5] 473 U.S. 134 (1985).

[6]Insofar as Cunningham maintains that she may escape the teachings of **Russell** by characterizing her claim as one for a breach of the fiduciary duties outlined in section 1104, not section 1109, her contention is foreclosed by our recent opinion in **McDonald v. Provident Indem. Life Ins. Co.**, 60 F.3d 234 (5th Cir. 1995), cert. denied, 116 S.Ct. 1267 (1996). In **McDonald**, after finding that the fiduciary duties prescribed by section 1104 had been breached, we held that the plaintiffs' failure to prove a loss to the plan was fatal to their claim. **McDonald**, 60 F.3d at 237.

defendants' motion to dismiss, that she states a claim under section 1132(a)(3).[7]

Section 1132(a)(3) does provide a cause of action for individual participants and beneficiaries who allege a breach of fiduciary duties by an ERISA plan administrator, but limits the available remedies to "appropriate equitable relief."[8] In **Mertens v. Hewitt Assocs.**,[9] the Supreme Court held that the phrase "other appropriate equitable relief" in this section refers to remedies typically available in equity, *i.e.* injunction, mandamus, and restitution, but not to compensatory or punitive damages. Throughout this litigation Cunningham has consistently referred to the recovery she seeks as "damages" or "compensatory damages," adopting the position only in the eleventh hour that what she seeks is equitable restitution. A grant of equitable restitution, however, is warranted only when the defendant has

---

[7]Section 1132(a)(3) provides:

A civil action may be brought --

* * *

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . . .

[8]**Vanity Corp. v. Howe**, 116 S.Ct. 1065 (1996).

[9] 508 U.S. 248 (1993).

profited unjustly at the plaintiff's expense.[10] Because none of Cunningham's claimed injuries inured to the benefit of the plan or its administrators, we must conclude that her complaint states a claim for legal damages only and thus cannot be maintained under section 1132(a)(3).

Cunningham next challenges the district court's determination that all of her state law claims are preempted. Cunningham asserts that, after termination of the plan and distribution of the assets, the administrators affirmatively misled her into believing that the plans remained in force and that she could leave her funds in the plans exempt from taxes. She asserts that such misconduct supports a state law claim for breach of fiduciary duty and that because the breach occurred after the plan was terminated ERISA does not preempt these claims.

Section 514(a) of ERISA[11] provides that ERISA's provisions "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." "The words 'relate to' are to be given their 'broad common-sense meaning' and a state law will be pre-empted 'if it has a connection with or

---

[10]See **Borst v. Chevron Corp.**, 36 F.3d 1308 (5th Cir. 1994), cert. denied, 115 S.Ct. 1699 (1995); **Crocker v. Piedmont Aviation, Inc.**, 49 F.3d 735 (D.C. Cir.), cert. denied, _____ U.S. _____, 116 S.Ct. 180 (1995).

[11] 29 U.S.C. § 1144(a).

reference to such a plan.'"[12]  Nonetheless, "[p]reemption does not occur . . . if the state law has only a tenuous, remote, or peripheral connection with covered plans, as is the case with many laws of general applicability."[13]  Furthermore, "a law or claim is preempted when <u>it</u> relates to an ERISA plan, and not the reverse."[14]

We conclude that although those claims which are based upon fiduciary duties created by ERISA or arise out of the plan administrator's conduct during the lifetime of the plan or during post-termination events regulated by ERISA[15] are preempted, any claims based upon the breach of legal duties arising under state law outside of this limited preemptive scope remain viable.  In other words, if after Cunningham's assets were no longer under ERISA's mantle there nonetheless

---

[12]**Christopher v. Mobil Oil Corp.**, 950 F.2d 1209, 1217-18 (5th Cir.) (citations omitted), <u>cert</u>. <u>denied</u>, 506 U.S. 820 (1992).

[13]**New York State Conference of Blue Cross & Blue Shield v. Travelers Ins.**, _____ U.S. _____, _____, 115 S.Ct. 1671, 1680, 131 L.Ed.2d 695 (1995), <u>quoting</u> **District of Columbia v. Greater Washington Board of Trade**, 506 U.S. 125, 113 S.Ct. 580, 121 L.Ed.2d 513 (1992) (internal quotation marks and citations omitted).

[14]**Hook v. Morrison Milling Co.**, 38 F.3d 776, 785 (5th Cir 1994).  See also **New York Blue Cross** (state law of general application which merely increases costs of ERISA plan demonstrates insufficient nexus for preemption).

[15]See **American Flint Glass Workers Union v. Beaumont Glass Co.**, 62 F.3d 574, 579 (3d Cir. 1995) ("We will, however, assume, once a termination decision is reached, that ERISA's fiduciary duties control the termination procedures.").  Termination of an ERISA-covered plan must occur according to the procedures set forth in Subchapter III, subtitle C, 29 U.S.C. § 1341 *et seq.*  **Pension Benefit Guar. Corp. v. Pritchard**, 50 F.3d 315 (5th Cir. 1995).

existed as a matter of independent state law some fiduciary relationship between the parties, irrespective of ERISA's provisions, an action arising out of this relationship would escape ERISA preemption. The fact that a state law claim embraces parties whose financial relationship was previously regulated by ERISA is alone insufficient to create a connection between the claim and ERISA which warrants preemption.

Under Mississippi law a fiduciary relationship <u>may</u> exist as a legal matter when there emerges "on the one side an overmastering influence or, on the other, weakness, dependence, or trust, justifiably reposed."[16] Cunningham's pleadings, however, clearly reference the participant-administrator relationship under ERISA as the <u>sole</u> source of the fiduciary duties allegedly breached. Given the exclusiveness of Cunningham's submissions, we perceive no error in the district court's finding that Cunningham's state law claims "relate to," and hence are preempted by, section 504 of ERISA.

The judgment appealed is AFFIRMED.

---

[16]**Miner v. Bertasi**, 530 So.2d 168, 170 (Miss. 1988).