Charlene **SALDANA** Plaintiff

v.

**AETNA U.S. HEALTHCARE** Defendant

No. 3:01CV502BN.

United States District Court, S.D. Mississippi, Jackson Division.

Aug. 2, 2002.

---

Everette Scott Verhine, Verhine & Verhine, Vicksburg, MS, W. Richard Johnson, Prewitt, Johnson & Vance, Vicksburg, MS, for plaintiff.

Robert T. Gordon, Jr., Mitchell, McNutt & Sams, PA, Flowood, MS, for defendant.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion of Defendant for Summary Judgment. Having considered the Motion, Response, Rebuttal, attachments to each, and supporting and opposing authority, the Court finds that the Motion is well taken and should be granted.

### I. Background and Procedural History

In June of 1997, Felicia Saldana, the daughter of Charlene Saldana, was injured in a motor vehicle accident. She was treated by University of Mississippi Medical Center ("UMC") where she died on June 23, 1997. At the time of the accident, Felicia Saldana was a beneficiary under the Cooper Industries, Inc. ("Cooper Industries") welfare benefit plan in which her mother Charlene Saldana ("Plaintiff"), an employee of Cooper Industries, was a participant.[1]

On July 2, 1997, Defendant Aetna U.S. Healthcare ("Aetna"), the claims administrator of the subject benefit plan, received a claim for payment of benefits in the amount of $26,625.66 for services rendered

---

1. The parties do not dispute that the subject benefit plan is an welfare benefit plan within the meaning and scope of and governed by the Federal Employee Retirement Income and Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq.

by UMC to Felicia Saldana. Thereafter, and pursuant to the terms and conditions set forth in the Plan, Aetna sent a letter to Plaintiff requesting information regarding the circumstances of the accident including whether other insurance coverage or benefits were available to the claimant and whether the claimant had recovered from a third party on account of the accident.[2] Aetna also requested that Plaintiff sign and return a Reimbursement Agreement. *See id.* Plaintiff did not respond to the requests of Aetna with regard to her claim. Nor did Plaintiff respond to the requests for information made by Aetna on August 27, 1997, or October 8, 1997.

On November 12, 1999, Aetna was notified by Cooper Industries that it had been served a writ garnishing the wages of Plaintiff to recover a judgment against her in favor of University Hospital. Aetna accepted the information as confirmation that no other insurance or source of third-party recovery existed with regard to the motor vehicle accident in which Felicia Saldana was injured, processed and paid a claim to UMC for $344.36 on December 15, 1999. Aetna later realized that the amount paid on the claim was the amount of garnishment rather of the amount of the actual claim and, upon resubmittal of the original claim by UMC, sent payment of $25,804.79 on March 7, 2000.

Notably, at no time between the date on which the claim was first submitted by UMC and the date on which it was ultimately paid by Aetna, did Plaintiff request a review of her claim as was her right under the Plan. *See id.* at 10064 (providing that, "if [a claimant] do[es] not receive any response to [her] claim within 90 days

after ... initially fil[ing] it with Aetna," a claimant "can" follow the review procedure set forth in the Plan). Instead, on March 12, 2001, months after the date on which the claim was paid and only after the writ for garnishment of her wages was served on her employer, Plaintiff filed a lawsuit against Aetna in the Circuit Court for the First Judicial District of Hinds County, Mississippi. In her complaint, Plaintiff alleged that she "was served with a summons and a complaint filed by [UMC in which UMC] ... sought monetary damages on an open account." *See ¶ 3 of State Court Complaint attached to Notice of Removal. Plaintiff further alleged that the debt was "finally paid on or about 2/23/2000," see id* at ¶ 4, but that Plaintiff was damaged by the negligence of Aetna in failing to "timely pay her insurance claims after being notified said claim(s) were pending with [UMC]...." *See id.* at ¶ 6. Plaintiff asserted state law causes of action against Aetna for negligence, and gross negligence, and sought compensatory and punitive damages. *See id.* at ¶¶ 7 & 8.

On June 27, 2001, Aetna ("Defendant") removed the case to this Court pursuant to 28 U.S.C. §§ 1331 and 1441, on ground that "the policy which is the subject of this action ... is an employer benefit plan ... within the meaning and scope of and government by ERISA" and that Plaintiff's claims against it were therefore preempted by ERISA. *See* Notice of Removal. Plaintiff did not file a Motion to Remand, but instead, amended her Complaint to assert a cause of action under ERISA. *See* Motion of Defendant for Summary Judgment, Exhibit "C," Attachment "A," Amended Complaint, ¶¶ 6 & 7. Defendant

---

2. Pursuant to the "Third–Party Reimbursement" provision of the subject plan, the "payment of benefits under th[e] Plan for expenses incurred for a covered person due to an injury or illness for which a third party may be liable" was conditioned on the "execut[ion]

and deliver[y by the covered person of] any documents that are required...." *See* Motion, Exhibit "C," Attachment "A," pp. 10061. Failure to provide "satisfactory claim information upon request" was a stated ground for denial of benefits. *See id.* at 10030.

filed the instant Motion for Summary Judgment on April 18, 2002.

## II. Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Moore v. Mississippi Valley State Univ.,* 871 F.2d 545, 549 (5th Cir.1989); *Washington v. Armstrong World Indus.,* 839 F.2d 1121, 1122 (5th Cir.1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the

moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323–24, 106 S.Ct. 2548. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.,* 305 F.2d 647, 651 (5th Cir.1962).

## III. Analysis

In her Amended Complaint (hereinafter "Complaint"), Plaintiff alleged that, (1) although "finally paid [by Defendant] on or about 2/23/2000," her "indebtedness owed to University Hospitals was not *timely paid* by ... Defendant," Complaint ¶ 4, and (2) the "negligent[ ] fail[ure by Defendant] to timely pay her insurance claims ... proximately caused [her] damages and ... was an impermissible abuse of discretion as defined by ERISA." Complaint ¶ 6 (emphasis added). The Court construes these allegations as claims of (1) state law negligence, and (2) breach of fiduciary duties under 29 U.S.C. § 1101 through 29 U.S.C. § 1114.[3] Neither Plain-

---

3. The United States Court of Appeals for the Fifth Circuit has held that, "[w]hen a [participant] wants what was supposed to have been distributed under a plan, the appropriate remedy is a claim for denial of benefits under § 502(a)(1)(B) of ERISA rather than a fiduciary duty claim brought pursuant to

§ 502(a)(3)." However, under the facts of the instant case, Plaintiff concedes that her claim was paid, and only complains of the timeliness of the payment. Moreover, compensatory damages such as sought by Plaintiff in the case *sub judice* are not recoverable under ERISA. *See Rogers v. Hartford Life & Acci-*

tiff nor Defendant addressed Plaintiff's state law claim. However, in an abundance of caution, the Court considers whether Plaintiff's state law claim is preempted under ERISA. *See* 29 U.S.C. § 1144(a) (providing that ERISA "shall supercede any and all state laws insofar as they may now or hereafter relate to any employer benefit plan"). Federal Courts have been directed to broadly construe the "deliberately expansive" preemption provision of ERISA. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 46, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (holding that the deliberately expansive language of the preemption provision was "designed to 'establish pension plan regulation as exclusively a federal concern.'") (quoting *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 523, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981)); *Hubbard v. Blue Cross & Blue Shield Ass'n,* 42 F.3d 942, 945 (5th Cir.1995). Under this provision, state law causes of action are barred in the event "(1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities-the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Hubbard,* 42 F.3d at 945.

■ The preemptive scope of ERISA, however, is not without limits. The United States Supreme Court has found that "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Therefore, to fall within the ambit of ERISA preemption, the state law causes of action set forth by the plaintiff in his complaint, must "relate to" the employee

benefit plan. *See Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 138–39, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). Under this test, a "state law cause of action relates to an employee benefit plan whenever it has 'a connection with or reference to such a plan.'" *Hubbard,* 42 F.3d at 945. Preemption applies to bar state law claims "even if the action arises under general state law that in and of itself has no impact on employee benefit plans." *Lee v. Du-Pont de Nemours and Co.,* 894 F.2d 755 (5th Cir.1990).

■ With her state law negligence claim, Plaintiff essentially alleges that Defendant was negligent in carrying out its fiduciary duties under ERISA. *See* Complaint ¶ 6 (alleging that "Defendant negligently failed to timely pay her insurance claims after being notified said claim(s) were pending with the University Hospital and said negligence proximately caused Plaintiff damages...."). The Court finds that, as Plaintiffs' state law claim against Defendant refers to, and has a connection with, conduct relating to the subject benefit plan, Plaintiff's state law claim of negligence relates to a welfare benefit plan for the purpose of ERISA preemption. Moreover, through her state law claim of negligence, Plaintiff seeks damages for, *inter alia,* the amount of benefits lost under the subject benefit plan because of the actions allegedly taken by Defendant. As computation of Plaintiff's damages, should she succeed on her claim at trial, would require reference to the subject benefit plan, the Court finds that Plaintiff's state law claim relates to those plans for the purpose of ERISA preemption. *See Cefalu v. B.F. Goodrich Co.,* 871 F.2d 1290, 1294 (5th Cir.1989) (finding that a breach of contract claim was preempted by ERISA, in part, because the calculation of damages for a successful prosecution of that claim

*dent Insurance Co.,* 167 F.3d 933, 944 (5th Cir.1999).

would require reference to a employment benefit plan).

The Court additionally finds that as Plaintiff seeks to recover benefits allegedly owed her under the terms of a benefit plan, her state law claim addresses an area of exclusive federal concern. *See* 29 U.S.C. § 1132(a)(1)(B) (creating civil enforcement under ERISA "to recover benefits due ... under the terms of [a welfare benefit] plan"); *Hubbard,* 42 F.3d at 945 (holding that the assertion of a plaintiff of a right to receive benefits under the terms of an ERISA plan is a claim that addresses an area of exclusive federal concern). The Court therefore finds that, as both prongs for ERISA preemption are satisfied, Plaintiff's state law claim of negligence against Defendant is preempted under ERISA. *See e.g. Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (finding that state law claims of tortious breach of contract, and breach of fiduciary duty were preempted under ERISA in a case in which plaintiff sought remedy because of the improper processing of a claim under an ERISA qualified plan); *Dorn v. International Bhd. of Electrical Workers, Inc.,* 211 F.3d 938, 948 (5th Cir.2000) (finding that state law claim of conversion was preempted under ERISA because the claim addressed plaintiff's right to receive benefits under the terms of an ERISA plan); *Lee,* 894 F.2d at 757 (finding that state law claims based on alleged misrepresentations by his employer were preempted under ERISA); *Cefalu,* 871 F.2d at 1294 (finding preemption of breach of contract claim under ERISA); *Light v. Blue Cross and Blue Shield of AL.,* 790 F.2d 1247 (5th Cir.1986) (finding that plaintiff's state law claims of intentional and negligent infliction of emotion distress were preempted under ERISA). Accordingly, the Court finds that Defendant is entitled to summary judgment on the state law claim alleged by

Plaintiff, and that her claim of negligence should be dismissed with prejudice.

With regard to Plaintiff's claim of breach of fiduciary duty under ERISA,

> [a] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

■ Defendant argues that it is neither the "Plan Administrator [n]or a Plan fiduciary with regard to the Plan" and cannot, as a matter of law, be held liable to Plaintiff based on the allegations in Plaintiff's Complaint. *See* Memorandum of Defendant in Support of Motion for Summary Judgment. As evidence of its non-fiduciary status, Defendant submitted the administrative services contract it entered into with Cooper Industries that provides, *inter alia,* that Cooper Industries "delegates to Aetna authority to make determinations on behalf of [Cooper Industries] with respect to benefit payments under the Plan and to pay such benefits, subject, however, to a right of [Cooper Industries] to review and modify any such determination." Motion of Defendant, Exhibit "C," Attachment "a," p. 10084. The subject contract also provides that, "[f]or purposes of [ERISA] ...', Cooper Industries shall ... be deemed the administrator of the Plan." *See id.* Thus, by the terms of the subject contract, Cooper Industries vested the ultimate authority over the plan in itself. Plaintiff has not shown, and the Court has not found any evidence in the record that shows; that Defendant

"exercised any discretionary authority respecting the management of the plan and disposition of its assets." *Donovan v. Mercer*, 747 F.2d 304, 308 (5th Cir.1984). Rather, the record reflects that Defendant merely implemented Plan policies, and made initial determinations as to whether and when benefits should be paid under the Plan. Such duties, while administrative functions, do not subject an administrator to liability as a fiduciary. *See Reich v. Lancaster v. Plumbers & Pipefitters Local 454 Health & Welfare Fund*, 55 F.3d 1034, 1049 (5th Cir.1995) (holding that persons carrying out perfunctory or ministerial duties are not fiduciaries unless they "exercise discretionary authority and control that amounts to actual decision making power," and citing *Kyle Rys v. Pacific Admin. Services Inc.*, 990 F.2d 513, 516 (9th Cir.1993) (holding that administrator of ERISA plan was not fiduciary where its functions were ministerial and the relevant agreement provided for ultimate decisions in discretionary questions be made by employer); *Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 455 (6th Cir.1991) (holding that administrator of ERISA plan that merely processed and paid claims in accordance with terms of plan was not fiduciary)). *See also Haidle v. Chippenham Hospital, Inc. and Aetna Life Insurance Company*, 855 F.Supp. 127, 132 (E.D.Va.1994) (finding that, based on language in an administrative services contract identical to the above-quoted provision in the contract between Aetna and Cooper Industries, Aetna Life Insurance Company was not a fiduciary as defined by ERISA).

The Court finds that Defendant, by the terms of the administrative services contract, was only to perform ministerial duties with respect to the subject benefit plan. The Court additionally finds that there is no evidence in the record to show that Defendant exercised discretionary control over the management of the plan, rendered investment advice, or had authority or discretionary responsibility in the administration the plan. The Court, therefore, finds that there does not exist a genuine issue of material fact with regard to whether Defendant was a fiduciary of the subject benefit plan or whether it violated any fiduciary duties in that capacity in violation of ERISA. Accordingly, the Court finds that Defendant is entitled to summary judgment on Plaintiffs' claim that it violated ERISA by breaching its fiduciary duties under that statute.[4]

## IV.  Conclusion

IT IS THEREFORE ORDERED that the Motion of Defendant for Summary Judgment [24–2] is hereby granted.

IT IS FURTHER ORDERED that the Motion of Defendant to Dismiss [24–1] is hereby denied as moot.

IT IS FURTHER ORDERED that the Motions of Defendant to Strike [25–1 & 32–1] are hereby denied as moot.

---

4. The Court notes that Plaintiff brings this action individually and seeks recovery of money damages for her own behalf *See* Complaint ¶ 6 (alleging "all compensatory damages allowed to her under ERISA...."). *See also* Complaint ¶ 7 (alleging actual damages in the amount of $50,000). However, a fiduciary found liable for breach of duty is "only require[d] ... to 'make good to [the] plan any losses to [the] plan resulting from [the] breach....' " *Cunningham v. Dun & Bradstreet Plan Services, Inc.*, 889 F.Supp. 932, 935 (N.D.Miss.1995) (quoting 29 U.S.C. § 1109(a)). Therefore, even if the Court were to assume *arguendo* that Defendant was a fiduciary of the subject benefit plan, dismissal would be warranted because Plaintiff "seeks recovery on her own behalf and not on behalf of the plan." *Id.*

A final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure shall be entered this day.