**Alan L. BUSH, Plaintiff,**

v.

**INSURERS ADMINISTRATIVE CORPORATION, Mass Market Trust, NN Investors Life Insurance Company, Inc., Defendants.**

Civ. A. No. S90–0330(P).

United States District Court,
S.D. Mississippi, S.D.

May 20, 1991.

---

William T. Reed, Pascagoula, Miss., for plaintiff.

James O. Dukes and George F. Bloss, III, Bryant, Colingo, Williams & Clark, of Gulfport, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

PICKERING, District Judge.

This cause is presently before the Court on the Defendants' Motion for Summary Judgment and for costs and fees. Having considered the Motion and the parties' arguments and authorities in support of same, the Court finds that the Motion should be sustained in part and denied in part.

## I. FACTUAL BACKGROUND

This action was removed to this Court from the Circuit Court of Jackson County, Mississippi, on July 5, 1990, based upon diversity of citizenship and federal preemption of state law.

Plaintiff, Alan L. Bush ("Bush") is one of the owners of Bush Office Supply Company, Inc., which purchased a group health and hospitalization benefit plan for its employees under a plan underwritten by Defendant, NN Investors Life Insurance Company, Inc. ("NN Investors"), issued to Mass Market Trust ("MMT"), and adminis-

tered by Insurers Administrative Corporation ("IAC"). Pursuant to the terms of an employers' application, provided by NN Investors, Bush Office Supply Company, Inc., paid 100% of the costs for employee coverage and 100% of the costs (i.e. premiums) for dependent coverage under the plan.

On or about February 7, 1989, Bush received treatment and incurred medical bills for an alleged back injury. Bush submitted claims for these expenses to IAC. As of the date of the filing of his complaint in this matter, Bush's medical bills had not been paid. Bush filed his complaint in state court on May 30, 1990, alleging that the Defendants breached a fiduciary duty owed to him by failing to pay his outstanding medical bills, and by charging him additional premium expenses although coverage had been denied for his wife, Ruby Bush. Bush's complaint also alleges traditional "bad faith" insurance claims, including tortious refusal to pay his claims and breach of contract. Most of Bush's claims are based upon the public policy and law of the State of Mississippi. Bush also alleges that since MMT is subject to the laws of Iowa, and IAC is subject to the laws of Arizona, both of which have unfair claims practices acts, these Defendants have also violated the public policy of the States of Arizona and Iowa.

The Defendants argue in their pending Motion for Summary Judgment that Bush's causes of action are all preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Sections 1001, *et seq.* and that the Defendants are, therefore, entitled to summary judgment on any state law claims alleged by Bush.

## II. CONCLUSIONS OF LAW

The Court has given close attention to the Defendants' preemption argument. Bush's claims arise out of the alleged improper denial of benefits under a group health and hospitalization plan provided as an employee benefit by Bush Office Supply Company, Inc. Based upon the nature of this plan and the manner in which it was provided and maintained by Bush Office Supply Company, Inc., the Court, under applicable case law, concludes that it must find the plan was an "employee welfare benefit plan" under ERISA. The Court notes the fact that the plan is funded entirely by the employer, Bush Office Supply Company, Inc.

An "employee welfare benefit plan" is defined in ERISA as:

(1) Any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical or hospital care or benefits, or benefits in the event of sickness, accident, or disability, death or unemployment....

29 U.S.C. § 1002(1).

The undisputed facts in this case establish that the plan under which Bush was insured and under which he seeks benefits, was maintained by the employer, Bush Office Supply Company, Inc., and provided as a benefit of employment.

Recent decisions of the United States Supreme Court leave little room for argument that Bush's common law claims survive the scope of ERISA's preemption. As the Supreme Court stated in *Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), Plaintiff's claims are preempted if his claims "have a connection with or reference to [an employee welfare benefit] plan." *Id.* at 47, 107 S.Ct. at 1553. Bush cannot deny that his claims are connected with and related to the employee welfare benefit plan under which he seeks benefits. Bush's complaint raises claims sounding exclusively in state law and arising out of the allegedly improper failure to pay his claim for benefits under the plan. In *Pilot Life*, the Supreme Court ruled that common law causes of action of this type which "relate to" an employee benefit plan are preempted by ERISA. *Id.*

■ In opposition to the Defendants' motion, Plaintiff Bush argues that since his claims allege violations of unfair claims practices statutes enacted by the State of Iowa and the State of Arizona, his causes of action come within the ERISA savings clause, under which ERISA does not apply or exempts from preemption any state law which "regulates insurance". *Metropolitan Life Insurance Company v. Massachusetts*, 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985). This is, to be sure, a novel theory espoused by the Plaintiff. Nevertheless, the Court expresses serious doubt concerning the applicability of Arizona and Iowa law in this case, since the Court's jurisdiction is founded upon diversity of citizenship and the alleged existence of a federal preemption question.

Nothing in the plan under which Bush seeks benefits directs this Court to apply either Arizona or Iowa law to claims made against the plan. Moreover, the Court can discern no persuasive choice-of-law basis for application of Arizona or Iowa law to Bush's claims. It appears to this Court that Bush's claims must be considered and resolved by reference to Mississippi common law and federal ERISA law.

Resolution of the Court's doubt as to the application of Arizona or Iowa law, however, is moot, due to a recent decision by the Fifth Circuit Court of Appeals. In the case of *Ramirez v. Inter-Continental Hotels*, 890 F.2d 760 (5th Cir.1989), the Fifth Circuit found that ERISA preempts state statutes which provide a private right of action for the improper handling of insurance claims. *Id.* at 763–764. The United States Supreme Court held in *Pilot Life* that "Congress clearly expressed an intent that the civil enforcement provisions of ERISA § 502(a) be the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits...." *Id.*, 481 U.S. at 52, 107 S.Ct. at 1555. Moreover, the Supreme Court of Iowa has specifically held that the Iowa statute relied upon by Plaintiff is preempted by ERISA. *Davis v. Ottumwa Young Men's Christian Association*, 438 N.W.2d 10 (Iowa 1989).

While there is no Arizona decision holding that the Arizona statute is preempted by ERISA, similar statutes in other states have uniformly been found to be preempted. *See e.g., Kanne v. Connecticut General Life Insurance Company*, 867 F.2d 489 (9th Cir.1988), *cert. denied*, 492 U.S. 906, 109 S.Ct. 3216, 106 L.Ed.2d 566 (1989) (California statute); *Anschultz v. Connecticut General Life Insurance Company*, 850 F.2d 1467 (11th Cir.1988) (Florida statute); *Taylor v. Blue Cross/Blue Shield of New York*, 684 F.Supp. 1352 (E.D.La.1988) (Louisiana statute); *In re: Life Insurance Company of North America*, 857 F.2d 1190 (8th Cir.1988) (Missouri statute). In general, such state statutes have not been found to meet the requirements of the McCarran–Ferguson Act test cited by the Supreme Court in *Pilot Life*. *Id.*, 481 U.S. at 48–49, 107 S.Ct. at 1553. Thus, these statutes are not within the savings clause of ERISA. The United States Supreme Court has already determined in *Pilot Life* that Mississippi's bad faith law does not come within the savings clause of ERISA.

■ The Court's conclusion that Bush's state common law claims are preempted by the ERISA statute does not mean that Bush is without a remedy. The Defendants in this action ignore entirely the issue of whether Plaintiff is entitled to any substantive relief.

Plaintiff may rely upon the remedies provided for in ERISA to assert that the denial of his claim for benefits was arbitrary and capricious. *See Lannis Walters v. Pan American Life Insurance Company, et al.*, H89–0147(G) (S.D.Miss. January 24, 1991; Judge Walter J. Gex, III).

It is undisputed that Congress intended the civil enforcement provisions of ERISA § 502(a) to be the exclusive basis for actions by ERISA plan participants and beneficiaries asserting complaints for improper processing of their claims for benefits.

Under the civil enforcement provisions of § 502(a), a plan participant or beneficiary may sue to recover benefits due under the plan, to enforce the participant's rights under the plan, or to clarify rights to future benefits. Relief may take the

form of accrued benefits due, a declaratory judgment on entitlement to benefits, or an injunction against a plan administrator's improper refusal to pay benefits. A participant or beneficiary may also bring a cause of action for breach of fiduciary duty, and under this cause of action may seek removal of the fiduciary. §§ 502(a)(2), 409. In an action under these civil enforcement provisions, the court in its discretion may allow an award of attorney's fees to either party. § 502(g).

*Pilot Life*, 481 U.S. at 53, 107 S.Ct. at 1556 (*citing Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 147, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985)). Given the Defendants' utter failure to address the merits of Bush's claims, the Court cannot determine, as a matter of law, that Bush has no valid claim for benefits due under the plan pursuant to the provisions of the ERISA statute.

In the present case, the Court finds that Bush's state law claims are sufficiently similar to those of Plaintiff Dedeaux in the *Pilot Life* case, and that they are, therefore, preempted by the provisions of ERISA. Based upon the clear mandate of ERISA and the Supreme Court's recent decision in *Pilot Life*, the Court holds that Plaintiff's state law claims here must fail. Summary judgment in favor of the Defendants will be granted on these claims. However, the Court will permit the Plaintiff to amend his complaint to allege a cause of action under the ERISA statute.

■ The Court declines to assess any costs and fees against the Plaintiff based upon the Court's conclusion that the Plaintiff's argument in this case presents an ingenuous argument for the extension of existing law. Such an effort, in good faith, precludes sanctions. Fed.R.Civ.P. 11. This Court believes it inappropriate to assess any costs pursuant to Mississippi's Litigation Accountability Act of 1988, Miss. Code Ann., § 11–55–1, *et seq.* (Cum.Supp. 1990).

There may well come a time when the presentation of state law claims such as this, in a case wherein such claims are clearly preempted by ERISA, may subject the claimant or his counsel to Rule 11 sanctions. However, that time has not come in this case. Plaintiffs bringing claims that might be construed to be ERISA claims should plead ERISA benefits, either in the alternative or as a sole basis for such claims.

The Court would further point out that these type cases should likewise be defended in "good faith". For years the insurance industry has sought to eliminate or limit the recovery of punitive damages. ERISA, through *Pilot Life*, gives the insurance industry the exemption from punitive damages it has long sought. Defendants may have a valid defense in this case, but thus far, and prior to the filing of suit in this case, the record indicates that Defendants simply prolonged and failed to respond to Plaintiff's claim. Such a practice could lead to a backlash that could deprive insurance companies of the exemption from punitive damages which they have so long sought. After Plaintiff amends his complaint, if Defendants have a valid defense on the merits, such should be pled. If not, counsel should proceed accordingly.

IT IS, HEREBY, ORDERED AND ADJUDGED that the Defendants' Motion for Summary Judgment as to state law claims is sustained, and such claims are hereby dismissed with prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that the Defendants' Motion for Costs and Fees is denied.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff is hereby permitted to amend his complaint within twenty (20) days of this Order.

SO ORDERED AND ADJUDGED.